ANDERSON, ALLEN C., Associate Judge.
This case makes its second appearance on appeal. See Harrison v. American Fire and Casualty, Fla.App. 1964, 163 So.2d 324. That opinion sets forth a detailed description of the dispute between the parties and the basic issues involved. Since those details have been published it would serve no useful purpose to repeat them here.
The earlier appeal was from an order of the trial court awarding American Fire and Casualty Company a summary judgment. This order was reversed and the case remanded for further proceedings because it appeared that some issues of material fact remained.
After the case was remanded a final hearing was held and a jury verdict was returned in favor of Appellee-American Fire and Casualty Company.
The appellant has perfected his second appeal. The appeal presents, essentially, questions involving the status of an indem-nitor of a surety on a contract bond. The principal on the bond, Henry Ahrlich, was an electrical sub-contractor employed by a prime contractor to do work on two school jobs. The sub-contractor defaulted.
Appellant urges he is a gratuitous in-demnitor of a surety bond issued for a specific amount which by its terminology made no reference to payment for materials. He contends further that he expended funds in an attempt to complete the jobs and these funds when added to the amounts paid by or on behalf of the subcontractor exceed the face amount of the bond.
As the gratuitous indemnitor of a paid surety he would have the court construe the bond strongly in his favor with the result that:
(a) he would not be liable for the payment of material bills paid by the surety after the sub-contractor defaulted because the bond by its specific wording did ' not mention material bills; and/or,
(b) in no event can he be held liable for any amount which exceeds the face amount of the bond after he takes credit for amounts paid by, or on behalf of the defaulting sub-contractor and the amounts spent by the appellant in an attempt to complete the job.
This reasoning is based upon an incorrect premise. Appellant would have us determine his status as an indemnitor by construing the bond. However, his status as an indemnitor is governed by the agreement of indemnitee. See Automatic Canteen Company of America v. Butler, Fla. App.1965, 177 So.2d 712.
In this case the indemnitee agreement is found not in the bond but in a document called “Application for Contract or Bid Bond” which was signed by the bond principal Ahrlich. The appellant’s signature is appended to this document at the bottom of a paragraph entitled “Additional indemnity.” This is the contract which fixes appellant’s responsibility and which would require construction if its terms were ambiguous.
Under the terms of this agreement appellant agreed, among other things
“II, To indemnify the Company [Ap-pellee] against all loss, costs, damages, expenses and attorneys’ fees whatever, and any and all liability therefore, sustained or incurred by the Company by reason of executing said bond or bonds. * * *
« # * *
“V, That liability hereunder shall extend to, and include, the full amount of any and all sums paid by the Company in settlement or compromise of any claims, demands, suits and judgments upon said bond or bonds, or any of them, *30 in good faith, under the belief that it was liable therefor, whether liable or not, as well as of any and all disbursements on account of costs. * * * ”
The argument that appellant’s liability be fixed by the terms of the bond is rejected.
Appellant also complains he was prejudiced by the exclusion of evidence contradicting the bona fides of the surety in making certain payments on behalf of the sub-contractor Ahrlich. An examination of the record reveals the trial court ruled on many objections. Some rulings were unfavorable, some were favorable. Some evidence was excluded, some was allowed. We do not however find any reversible error in this area.
Affirmed.
CROSS, C. J., and OWEN, J., concur.