**AETNA INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**FIDELITY & CASUALTY COMPANY OF NEW YORK, Defendant-Appellee.**

No. 73–1514
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 7, 1973.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

James A. Dixon, Jr., Miami, Fla., for plaintiff-appellant.

Daniel V. Ligman, Coral Gables, Fla., Jeanne Heyward, Miami, Fla., for defendant-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

We affirm on the basis of the findings of fact and conclusions of law of the trial court, appended hereto.

Affirmed.

## APPENDIX

[Title Omitted]

[Filed December 26, 1972]

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### I.

#### STATEMENT OF THE CASE

1. This is a declaratory judgment action filed by Plaintiff, Aetna Insurance Company, against Defendant, Fidelity & Casualty Company of New York, seeking a declaration of its rights regarding insurance policies issued by Aetna and Fidelity.

2. By pre-trial stipulation the parties agreed that there were no disputed facts, or facts which remain to be litigated at trial; and that only the following issues of law remain to be determined by the Court:

(1) Whether or not the Plaintiff and Defendant insurance companies should contribute an equal share to the satisfaction of the judgment obtained by Cleveland Andrews vs. Winn Dixie Stores, Inc., and James Hunt.

(2) Whether or not the Indemnification Agreement between American Insulation Contractors, Inc., and Winn Dixie Stores, Inc., takes precedence and is controlling over the insurance coverage of American Insulation Contractors, Inc., and Winn Dixie Stores, Inc., and makes the insurance coverage immaterial and irrelevant.

#### II.

#### FINDINGS OF FACT

1. Plaintiff and Defendant are foreign insurance companies admitted to do business in the State of Florida.

2. Plaintiff, Aetna Insurance Company, insured American Insulation Contractors, Inc.

3. Defendant, Fidelity & Casualty Company of New York, insured Winn Dixie Stores, Inc., and James Hunt.

4. At all times material hereto, James Hunt was an employee of Winn Dixie Stores, Inc., acting within the scope of his employment.

5. On or about December 18, 1968, American Insulation Contractors, Inc. entered into an agreement with Winn Dixie Stores, Inc. whereby American agreed to indemnify and hold Winn Dixie harmless for any claim or loss arising out of the presence or activity of American Insulation on Winn Dixie's premises notwithstanding said accident was caused

in whole or in part by the negligence of Winn Dixie or its employees.

6. On March 29, 1969, Cleveland Andrews, an employee of American Insulation Contractors, Inc., was employed to perform certain work on behalf of his employer at the warehouse owned, operated and controlled by Winn Dixie Stores, Inc., and was injured by a tow motor vehicle owned by Winn Dixie Stores, Inc., and operated by James Hunt within the scope of his employment.

7. Cleveland Andrews filed suit in the Circuit Court of the 11th Judicial Circuit, in and for Dade County, Florida, Case No. 70–3195, seeking to recover damages from Winn Dixie Stores, Inc. and James Hunt by reason of personal injuries sustained as a result of the accident.

8. The Amended Complaint of Cleveland Andrews charged Winn Dixie Stores, Inc. with negligent maintenance of its premises and James Hunt with negligent operation of a tow motor.

9. Cleveland Andrews recovered a judgment in the amount of $68,500 plus costs against Winn Dixie Stores, Inc., and James Hunt. A Crossclaim for indemnification of Winn Dixie Stores, Inc. vs. James Hunt was denied by the Trial Judge in Case No. 70–3195, in the Circuit Court of the 11th Judicial Circuit, in and for Dade County, Florida. The finding of the Judge on the Crossclaim was that James Hunt and Winn Dixie Stores, Inc. were joint tort feasors, and that Winn Dixie Stores, Inc. was not entitled to indemnification from James Hunt.

10. Winn Dixie Stores, Inc. satisfied the judgment of Cleveland Andrews vs. Winn Dixie Stores, Inc., and James Hunt. Thereafter, Winn Dixie Stores, Inc. brought suit against American Insulation Contractors, Inc. based on the Indemnification Agreement. A judgment was entered in favor Winn Dixie in the amount of $68,500.00, plus interest and costs and attorneys' fees in the total sum of $84,116.79, which said judgment has been satisfied based on the Indemnification Agreement between Winn Dixie Stores, Inc. and American Insulation Contractors, Inc. A draft in the amount of $84,116.79 was issued by the Plaintiff Aetna in this case on behalf of its insured, American Insulation Contractors, Inc.

11. American Insulation Contractors, Inc. filed a Third Party action in case No. 70–3195, in the Circuit Court of the 11th Judicial Circuit, in and for Dade County, Florida, against James Hunt for indemnification, which said third party action was dismissed and a judgment was entered in favor of James Hunt.

12. Both parties moved for Summary Judgment. Aetna's Motion for Summary Judgment alleged that there was no genuine issue as to any material fact, that the issue is purely a matter of law and that it was entitled to a judgment in its favor of $41,058.40. Fidelity & Casualty's Motion for Summary Judgment alleged that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law.

## CONCLUSIONS OF LAW

13. The Court has jurisdiction of the parties and the subject matter.

14. The Indemnity Agreement between American Insulation Contractors, Inc. (Aetna's insured) and Winn Dixie Stores, Inc., (Fidelity & Casualty's insured) controls all the rights and obligations of the parties and their privies (the insurers). The fact that Winn Dixie and American Insulation carried public liability insurance does not detract from or modify the Indemnity Agreement entered into between Winn Dixie and American Insulation. Harrison v. American Fire and Casualty Company, Fla.App.1969, 226 So.2d 28; Huset v. Milwaukee Dressed Beef Co., 1970, 46 Wis.2d 317, 174 N.W.2d 740; North Central Airlines, Inc. v. City of Aberdeen, 8 Cir. 1966, 370 F.2d 129; Northern Natural Gas Company v. Roth Packing Company, 8 Cir. 1963, 323 F.2d 922;

Busch & Latta Paint Co. v. Woermann Const. Co., 1925, 310 Mo. 419, 276 S.W. 614.

15. Therefore, Plaintiff, Aetna Insurance Company, cannot recover in this case and Defendant Fidelity & Casualty Company of New York is entitled to a judgment in its favor and to recover its lawful costs expended herein, such costs to be taxed hereinafter on due notice and hearing.

Done and Ordered in Chambers at Miami, Florida, this 26th day of December, 1972.

/s/ NORMAN C. ROETTGER, Jr.

United States
District Judge.