Marsha **LITTLEFIELD**,
et al., Appellants,

v.

Scott **SCHAEFER** and Tom Grayabel, Appellees.

No. 05–95–00470–CV.

Court of Appeals of Texas, Dallas.

Feb. 13, 1996.

Mary Noel Golder, Guy D. Choate, Webb, Stokes & Sparks, San Angelo, for Appellants.

A. Scott Campbell, Touchstone Bernays Johnston Beall & Smith, Dallas, for Appellees.

Before OVARD, MORRIS, and WHITTINGTON, JJ.

## OPINION

OVARD, Justice.

This is an appeal by Marsha Littlefield, et al., appellants, from a grant of summary judgment in favor of Scott Schaefer and Tom Graybael, appellees. In one point of error appellants argue that the district court erred in granting summary judgment. Because the trial court was correct in granting summary judgment, we affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellees promoted and operated motorcycle races at various tracks in Texas. Cecil Felix "Buddy" Walton, III was killed while driving a motorcycle at one of these races. Before racing he signed a registration form. The form was entitled "Release and Entry Form."

Appellants filed a lawsuit against appellees to recover for the fatal injuries Walton received in the accident. Appellees answered and filed a motion for summary judgment on the basis that Walton had signed a release form barring him from pursuing any action against appellees in connection with the motorcycle race. Appellants responded that the release form was not conspicuous. The trial court granted summary judgment.

### SUMMARY JUDGMENT

In appellants' only point of error, they contend that the trial court erred in granting summary judgment in favor of appellees. Specifically, appellants argue that the release clause on Walton's entry form was unenforceable, because it was not conspicuous.

A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party his right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952). The standard for review in a summary judgment case is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon,* 690 S.W.2d at 548–49. Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubt will be resolved in his favor. *Nixon,* 690 S.W.2d at 549. In a summary judgment proceeding, the defendant, as movant, must either (1) disprove at least one element of each of the plaintiff's theories of recovery, or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979). A summary judgment for the defendant disposing of the

entire case is proper only if, as a matter of law, viewing the evidence in the light most favorable to the plaintiff, the plaintiff could not succeed upon any theory pleaded. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983).

## RELEASE FORM

■ Release is an affirmative defense. TEX.R.CIV.P. 94. In Texas, releases are valid and enforceable if they meet the requirements of fair notice. *Dresser Indus., Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 508 (Tex.1993). There are two fair notice requirements: 1) the express negligence doctrine and 2) the conspicuousness requirement. *Dresser,* 853 S.W.2d at 508. The express negligence doctrine states that a party seeking release from the consequences of that party's own negligence must express that intent in specific terms within the four corners of the contract. *Dresser,* 853 S.W.2d at 508; *Ethyl Corp. v. Daniel Constr. Co.,* 725 S.W.2d 705, 708 (Tex.1987). The conspicuousness requirement mandates "that something must appear on the face of the [contract] to attract the attention of a reasonable person when he looks at it." *See Dresser,* 853 S.W.2d at 508 (quoting *Ling & Co. v. Trinity Sav. & Loan Ass'n,* 482 S.W.2d 841, 843 (Tex.1972)). The question of compliance with both prongs of the fair notice requirement is a question of law for the court. *Dresser,* 853 S.W.2d at 509.

Appellants do not question the express negligence doctrine in this appeal. The only issue raised on appeal is whether or not the release was conspicuous as a matter of law. Appellants argue that since the release provision does not appear in capital letters or in larger or contrasting type or in a different color from the remainder of the entry form, it is not, as a matter of law, conspicuous. However, in reference to whether or not a clause is "conspicuous," section 1.201 of the Texas Business & Commerce Code clearly states that headings in capital, different type, size, or color are merely "some of the methods of making a term attention-calling. But the test is whether attention can reasonably be expected to be called to it." TEX.BUS. &

COM.CODE ANN. § 1:201(10) & cmt. 10 (Vernon 1994).

■ Here the entire entry form in question was just one side of one page. The release was written in the lower left quarter of the entry form. The remainder of the form contains lines for the entrant to provide his name, address, and phone number. The title across the top of the page in all capital and underlined letters reads: *"RELEASE AND ENTRY FORM."* The release clause itself provides the only substantive writing on the entire form. The "SIGNATURE RELEASE" is located directly beside the release. The top line of the release clause is bold-faced, centered, and capitalized and reads: "RELEASE AND WAIVER OF LIABILITY AND INDEMNITY AGREEMENT." [1] The last line of the release clause is in larger type than the rest of the clause. It is also bold-faced, centered, capitalized, and underlined and reads: "I UNDERSTAND MOTORCYCLE RACING IS DANGEROUS. *YES, I HAVE READ THIS RELEASE."* Appellants acknowledged all parts of the release are to be considered in determination of conspicuousness.

Clearly, since the release clause is the only substantive writing on the one-page form and the above headings are in different formats, the clause draws the reader's attention. The release form signed by Walton meets the fair notice requirements and is therefore a valid and enforceable bar to any claim by appellants. We hold that the clause is conspicuous as a matter of law. We overrule appellants' only point of error.

We affirm the trial court's grant of summary judgment.

---

1. Quoted language is not in the actual size or      style of the printed release form.