**CHUBB INSURANCE COMPANY OF CANADA and Coho Resources, Inc., Plaintiffs,**

v.

**MID–CONTINENT CASUALTY COMPANY, and Smith Brothers, Inc., Defendants.**

**Civil Action No. 4:97CV25LN.**

United States District Court, S.D. Mississippi, Eastern Division.

June 27, 1997.

Walter H. Boone, Daniel J. Mulholland, Forman, Perry, Watkins & Krutz, Jackson, MS, for Plaintiffs.

Ann H. Kelly, Joseph L. McNamara, McNamara, Bailey & Kelly, Jackson, MS, for Mid–Continent Cas. Co.

Larry Leroy Tyner, Jr., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for RLI Ins. Co.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on cross-motions for summary judgment filed by plaintiffs Chubb Insurance Company of Canada and Coho Resources, Inc., on the one hand, and Mid–Continent Casualty Company on the other. The court has considered the memoranda of authorities, together with attachments, submitted by the parties, and concludes that summary judgment should be entered for plaintiffs.[1]

On December 16, 1995, while defendant Smith Brothers, Inc. was performing workover operations on an oil well operated by Coho pursuant to a contract between the two, Smith Brothers' rig overturned, injuring one Smith Brothers employee, Bobby Stroo, and killing another, Kelvin McCarthy. Stroo and McCarthy's estate filed suit against Coho in state court seeking to recover damages collectively totaling $5,500,000.[2] At the time of the accident, Coho was insured under a general liability policy issued by Chubb with limits of $1,000,000. Smith Brothers had primary coverage under a general liability policy issued by defendant Mid–Continent Casualty Company with a $1,000,000 limit of liability.[3]

Initially, Chubb assumed the defense of Coho in the state court lawsuits but subsequently called upon Smith Brothers or its insurers to defend and indemnify Coho in the tort actions in accordance with an indemnity agreement in the contract between Coho and Smith Brothers.[4] According to Chubb, Mid–

1. The court notes that defendant Smith Brothers, Inc. included in its answer in this case a motion to dismiss or, in the alternative, to "transfer" this case to state court. However, Smith Brothers did not notice the motion for hearing and therefore the court does not consider that there is any motion by Smith Brothers before the court for consideration. The court would note further, though, that Smith Brothers does not purport to have responded in any form to Coho's and Chubb's motion for summary judgment.

2. They filed separate actions, but those actions were later consolidated.

3. Smith Brothers was also covered for an additional $1,000,000 under an umbrella policy issued by RLI Insurance Company Though RLI was originally named as a defendant in this ac-

tion, the court, by memorandum opinion and order dated June 5, 1997 dismissed RLI upon finding that the claim against RLI was not ripe for adjudication.

4. The Workover Contract provides:

CONTRACTOR [Smith Brothers] shall defend, indemnify and hold COMPANY [Coho] harmless and COMPANY shall defend, indemnify and hold CONTRACTOR harmless from any and against all claims, losses, costs, demands, damages, penalties, liabilities, debts, expenses and causes of action of whatsoever nature or character, including but not limited to, reasonable attorney's fees and other costs and expenses, without limit and without regard to the cause or causes thereof, which are related in any way to the subject matter of this Agree-

Continent acknowledged that Smith Brothers' indemnity obligation to Coho was covered under its policy and agreed to assume Coho's defense in the lawsuits. However, Mid–Continent has denied that its responsibility for the payment of any settlement or judgment in the lawsuits is primary to the coverage provided by Chubb, and contends, instead, that Mid–Continent and Chubb share the primary indemnity obligation equally by virtue of the "other insurance" in their respective policies. Accordingly, Chubb and Coho filed this declaratory judgment action against Mid–Continent and Smith Brothers seeking an adjudication that the coverage provided by Smith Brothers' insurers, including Mid–Continent, is primary. In other words, Chubb seeks a declaration that Smith Brothers' coverage must be exhausted before Chubb, as Coho's primary insurer, must provide any coverage or pay any portion of any award which might be made against Coho.

Mid–Continent's assertion that it and Chubb are co-primary insurers is based on the language of the "other insurance" clauses contained in the two insurers' policies. Chubb's policy, after reciting that it provides primary coverage, states, "if this insurance is primary, our obligations are not affected unless any of the other insurance is also primary." The policy states that if there is other insurance that is also primary, then,

> [i]f all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

Mid–Continent's policy contains identical provisions and Mid–Continent thus concludes that Chubb's and Mid–Continent's coverages apply on an equal basis so that "each insurer [must] contribute[ ] equal amounts until [each] has paid its applicable limit of insurance or none of the loss remains, whichever comes first." Plaintiffs, though, maintain that since Smith Brothers specifically contracted to defend and indemnify Coho for precisely the kinds of claims that are asserted against Coho by Stroo and the McCarthy estate, then Smith Brothers is obligated to defend and indemnify Coho in connection with those claims, and consequently, Smith Brothers' insurers necessarily have the primary obligation to defend Coho relative to those claims, without regard to any insurance which Coho might have. The court agrees.[5]

In *Aetna Insurance Co. v. Fidelity & Casualty Co. of New York,* 483 F.2d 471 (5th Cir.1973), Winn Dixie Stores, Inc. hired American Insulation Contractors, Inc. to perform work on the Winn Dixie premises. In their contract, American Insulation agreed to indemnify Winn Dixie for any claim or loss arising out of its presence on Winn Dixie's premises. An American Insulation employee who was injured while on the job at the Winn Dixie site filed suit against Winn Dixie for his injuries and recovered a money judgment. Thereafter Winn Dixie filed suit against American Insulation for indemnity and obtained a judgment which was satisfied by American Insulation's liability insurer, Aetna, which thereafter filed a declaratory judgment claiming to be entitled to recover one-half the amount of the indemnity judgment from Winn Dixie's insurer, Fidelity & Casualty Company of New York. One of the questions thus presented to the court, as phrased by the court, was "[w]hether or not the Indemnification Agreement between American Insulation Contractors, Inc., and Winn Dixie Stores, Inc., takes precedence over the insurance coverage of American Insulation Contractors, Inc., and Winn Dixie Stores, Inc., and makes the insurance cover-

---

ment which are asserted by or arise in favor of such party or any of such party's employees, [or] representatives due to personal injury, death or loss or damage of property whether or not caused by sole, joint and/or concurrent negligence of the party seeking indemnity, and/or claim of strict liability and/or any cause whatsoever, whether predating this Agreement or not.

5. Plaintiffs argue that Mid–Continent's "other insurance" argument is misplaced in any event since neither Coho nor Smith Brothers has "other insurance." Rather, excluding excess coverage, each has only one primary insurance policy. The court finds it unnecessary to address this argument.

age immaterial and irrelevant." The court held that it did, stating:

> The Indemnity Agreement between American Insulation Contractors, Inc. (Aetna's insured) and Winn Dixie Stores, Inc., (Fidelity & Casualty's insured) controls all the rights of the parties and their privies (the insurers). The fact that Winn Dixie and American Insulation carried public liability insurance does not detract from or modify the Indemnity Agreement entered into between Winn Dixie and American Insulation. Therefore, plaintiff Aetna Insurance Company, cannot recover in this case....

*Id.* at 473. While *Aetna* would appear fully dispositive of the very issue presented in this case, Mid–Continent argues that because the opinion in *Aetna* does not reveal the contents of the insurance policies involved, then this court should not rely on *Aetna* in this case. However, as plaintiffs aptly observe, the *Aetna* opinion does not reveal the contents of the insurance policies involved because the Fifth Circuit concluded that the parties rights and obligations were governed by the indemnity agreement so that the insurance coverage was "immaterial and irrelevant." *Id.* at 472. Likewise, in the case at bar, Smith Brothers' liability to Coho for the Stroo and McCarthy Estate suits and any judgment which might be imposed against Coho is determined by the indemnity agreement, and to the extent that Smith Brothers is liable to Coho for indemnity, so, too, are its insurers, to the extent that their policies provide coverage for Smith Brothers' indemnity liability. To hold otherwise would render the indemnity contract between the insureds completely ineffectual and would obviously not be a correct result, for it is the parties' rights and liabilities to each other which determine the insurance coverage; the insurance coverage does not define the parties' rights and liabilities one to the other. *See Rossmoor Sanitation, Inc. v. Pylon, Inc.,* 13 Cal.3d 622, 119 Cal. Rptr. 449, 456–57, 532 P.2d 97, 104–05 (1975) (observing, under analogous facts, that "to apportion the loss [between the parties' insurers] would effectively negate the indemnity agreement and impose liability on INA [Rossmoor's insurer] when Rossmoor bar-

gained with Pylon to avoid that very result as part of the consideration for the construction agreement"); *J. Walters Constr., Inc. v. Gilman Paper Co.,* 620 So.2d 219 (Fla.Dist.Ct.App.1993) ("[T]o apply the 'other insurance' provisions to reduce CNA's liability would serve to abrogate the indemnity obligations between Walters and Gilman, and ... there is no authority for such a result under Georgia law.").

For the foregoing reasons, it is ordered that plaintiffs' motion for summary judgment is granted and Mid–Continent's motion for summary judgment is denied.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.