Marsha LITTLEFIELD,
et al., Petitioners,

v.

Scott SCHAEFER and Tom
Graybael, Respondents.

No. 96–0739.

Supreme Court of Texas.

Oct. 30, 1997.

Guy D. Choate, Mary Noel Golder, San Angelo, for Petitioners.

A. Scott Campbell, Michael D. Tanner, Dallas, for Respondents.

ABBOTT, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, HECHT, SPECTOR and OWEN, Justices, join.

In this case, we consider whether a six-paragraph release printed in minuscule typeface on the front of a one-page "Release and Entry Form" for motorcycle racing satisfies the fair notice requirement of conspicuousness. The trial court enforced the release and granted summary judgment against the plaintiffs, survivors of the deceased motorcycle racer who signed the release. The court of appeals affirmed. Because the release is not conspicuous, we reverse the judgment of the court of appeals and remand the case to the trial court.

Scott Schaefer and Tom Graybael (collectively "Schaefer") promote and operate motorcycle races throughout Texas. During one of those races, Buddy Walton, a novice motorcycle rider, died after he struck the end of an uncovered metal rail in a fence surrounding the raceway. Walton's wife, Marsha Littlefield, brought a wrongful death and survival action against Schaefer. Littlefield alleged that the uncovered metal pole struck by Walton constituted a premises defect because it was not shielded with hay bales, as were all the other poles around the raceway.

Before the race, Walton signed two registration forms. The "Release and Entry Form" contains ten blank lines spaced approximately one-quarter of an inch apart on which Walton filled in his name and address and other basic information. The typeface

and font size of the questions to be answered are easily readable. The form also contains a release and waiver of liability. The release has approximately six paragraphs of 30 lines of text in black type compressed into a 3″ × 4.25″ square in the lower-left-hand corner of the form, which appears as follows:

The release as reproduced in this opinion is as legible as the copy in the court record.[1]

The headings are printed in what appears to be four-point font that contains 28 characters per inch. The main text of the release is printed in an even smaller typeface; the font size used in the release contains 38 characters per inch. The other registration form is an entry form which is substantially similar to the "Release and Entry Form," and contains the identical release and waiver of liability in the same minuscule, practically illegible typeface.

Schaefer moved for summary judgment on the basis that the release and waiver clauses signed by Walton precluded Littlefield's claims. The trial court granted Schaefer's motion over Littlefield's objection that the releases were unenforceable because they did not satisfy the fair notice conspicuousness requirement. The court of appeals affirmed. The court of appeals concluded that the release attracts the reader's attention because the headings in the release are in different, larger formats than the release language and the release is the only substantive writing on the single-page form. 955 S.W.2d 858.

We have held that risk-shifting clauses such as the release clause at issue must satisfy two fair notice requirements. *Dresser Industries, Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex.1993). First, a party's intent to be released from all liability caused by its own future negligence must be expressed in unambiguous terms within the four corners of the contract. *Ethyl Corp. v. Daniel Const. Co.*, 725 S.W.2d 705, 707–08 (Tex.1987). Second, the clause must be "conspicuous" under the objective standard defined in the Uniform Commercial Code. *Dresser*, 853 S.W.2d at 510–11; Tex. Bus. & Com.Code § 1.201(10). Whether a release is conspicuous is a question of law to be decided by the following definition:

> A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as:

1. The numbers 14 through 22 and the parallel lines that run vertically on the left-hand side of the reproduced release apparently were not present on the original release. That information was placed on the copy of the release during the course of this litigation.

Non-Negotiable Bill of Lading) is conspicuous. Language in a body of a form is conspicuous if it is in larger or other contrasting type or color.

Tex. Bus. & Com.Code § 1.201(10); *Cate v. Dover Corp.*, 790 S.W.2d 559, 560 (Tex.1990). Comment 10 to § 1.201(10) provides additional clarification of the definition:

> This is intended to indicate some of the methods of making a term attention-calling. But the test is whether attention can reasonably be expected to be called to it.

■ Contrary to the dictates of § 1.201(10) that language in a body of a form must be in larger or other contrasting type or color, the language in the body of this release is smaller than other language in the forms and has no contrasting type or color. The release itself is perhaps conspicuous because it is printed in type much smaller than the other language in the registration forms and is placed in the corner of the page. Nevertheless, the *terms* of the release are printed so small and illegibly that they are anything but conspicuous. While it could be argued that Walton knew that he was releasing something, it is hopelessly unclear as to precisely what he was releasing. The fact that the release heading has a larger font size than the release language does not, alone, make the release conspicuous. Simply because someone signs a document containing the word "release" does not mean that they intended to exculpate the released party from their own negligence. The releasing party must be able to read what is being released. *Cf. Ethyl*, 725 S.W.2d at 707–08 (adopting express negligence doctrine to defeat clever attempts by scriveners of indemnity agreements to devise novel ways of drafting provisions which conceal true intent of provisions from indemnitor); *Allied Finance Co. v. Rodriguez*, 869 S.W.2d 567, 570 (Tex.App.—Corpus Christi 1993, no writ)(the law looks with disfavor upon provisions obscured for purpose of protecting one party which other party is not likely to notice).

■ The express negligence clause in the release is obscured because it is not printed in a manner that a reasonable person can read. The purpose of the conspicuousness requirement is to protect the buyer from surprise and an unknowing waiver of his or her rights. *Cate*, 790 S.W.2d at 561. The

minuscule print used by Schaefer defeated that purpose.

■ Where a party is not able to know what the contract terms are because they are unreadable, as a matter of law the exculpatory clause will not be enforced. *See McCarthy Well Co. v. St. Peter Creamery, Inc.*, 410 N.W.2d 312, 315–16 (Minn.1987)(holding that exculpatory clause printed in tiny font size similar to that used in this case to be invalid not because of language used in provision, but because clause was totally illegible). Thus, the release fails to satisfy the conspicuous requirement as a matter of law.

Pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, the Court grants Littlefield's application for writ of error and, without hearing oral argument, reverses the court of appeals' judgment and remands this case to the trial court for further proceedings consistent with this opinion.

BAKER, J., filed a dissenting opinion, in which ENOCH, J., joins.

HANKINSON, J., not sitting.

BAKER, Justice, joined by ENOCH, Justice, dissenting.

The Court holds that the release in this case is not "conspicuous" for the sole reason that the release's print size is too small for a reasonable person to read. I believe the forms the decedent signed meet the conspicuousness test in the Texas Uniform Commercial Code and our caselaw. Accordingly, I respectfully dissent.

In determining whether a release is conspicuous, the Court looks to see if the release is written in such a manner that a reasonable person against whom it is to operate should have noticed the release. *See* Tex. Bus & Com.Code § 1.201(10); *Cate v. Dover Corp.*, 790 S.W.2d 559, 560 (Tex.1990). The comment to section 1.201(10) states that the conspicuousness definition is to establish the test of whether attention can reasonably be expected to be called to it. The purpose of the requirement is to protect the signer from surprise and an inadvertent waiver of his or her rights. *See Cate*, 790 S.W.2d at 561.

As the court of appeals noted, here the forms are on one side of one page, and the release language is in the lower left quarter of each form. The title across the top of the page is in all capitals and is underlined. The title reads: *"RELEASE AND ENTRY FORM."* The release clause itself provides the only substantive writing on the entire form. The *"SIGNATURE RELEASE"* is located directly beside the release language. The top line of the release language is Bold–Faced, Centered, and Capitalized, and reads: "RELEASE AND WAIVER OF LIABILITY AND INDEMNITY AGREEMENT." The last line of the release language is in larger type than the rest of the release. It is also bold-faced, centered, capitalized, and underlined and reads: "I UNDERSTAND MOTORCYCLE RACING IS DANGEROUS. YES, I HAVE READ THIS RELEASE."

The Court's opinion does not set out the facts related above. Nor does it tell us that petitioner, in her brief, concedes that the release language in its entirety satisfies the express negligence requirement of *Ethyl Corp. v. Daniel Const. Co.*, 725 S.W.2d 705, 708 (Tex.1987). It appears to me that the petitioner had to be able to *read and understand* the release to be able to concede that the release clause satisfies the express negligence requirement. Furthermore, it follows that the release also meets the conspicuousness test. Again, all that the test requires for a clause to be conspicuous is that it is written so a reasonable person against whom it is to operate should have noticed it. *Cate*, 790 S.W.2d at 560.

I agree with the court of appeals' conclusion that when one considers all the circumstances, instead of just solely the print size, the release language draws a reader's attention. Therefore, I believe, as the court of appeals held, that the release language is conspicuous as a matter of law. I would deny the writ.

Because the Court reaches a contrary conclusion, I respectfully dissent.