**AMERICAN INDEMNITY LLOYDS, Plaintiff,**

v.

**TRAVELERS PROPERTY & CASUALTY COMPANY Defendant.**

No. G–01–380.

United States District Court, S.D. Texas, Galveston Division.

March 6, 2002.

R Mark Ramsey, Ramsey & Murray, Houston, for American Indemnity Lloyds, plaintiffs.

David N Kitner, Strasburger & Price, Dallas, Edward Donald Burbach, Griggs & Harrison, Houston, for Travelers Property and Casualty Insurance Company, defendants.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff American Indemnity Lloyds ("AIL") brings this lawsuit against Defendant Travelers Property & Casualty Company ("TPC") seeking a judicial construction of two insurance policies and a declaration that AIL is entitled to recover from TPC for one half of the amount it paid out to settle an underlying lawsuit. Now before the Court is AIL's Motion for Summary Judgment, TPC's competing Motion for Summary Judgment and their corresponding Responses. After carefully and thoughtfully reviewing both Motions, the Responses thereto, the summary judgment evidence and the applicable law, the Court concludes that, for the reasons articulated below, AIL's Motion for Summary Judgment is hereby **DENIED** and TPC's Motion for Summary Judgment is hereby **GRANTED**.

### I.

On September 5, 1994, Elite Masonry, Inc. ("Elite") entered into an agreement ("Subcontract") with Caddell Construction Company, Inc. ("Caddell") by which Elite agreed to provide masonry services to Caddell in connection with Caddell's larger contract to construct a prison in Beaumont, Texas. As the subcontractor, Elite agreed to "indemnify [Caddell] against and hold [Caddell] harmless from any and all claims, demands, liabilities, losses, expenses, suits and actions (including attorneys fees) for or on account of any injury to any person... which may arise (or which may be alleged to have arisen) out of or in connection with the work covered by this Subcontract, even though such injury...may be (or may be alleged to be) attributable in part to negligence or other fault on the part of [Caddell] or its officers, agents or employees." The Subcontract went on to state that Elite's obligation to indemnify and hold Caddell harmless "shall not be enforceable if, and only if, it be determined by judicial proceedings that the injury... complained of was attributable solely to the fault or negligence of

[Caddell], or its officers, agents or employees." Moreover, Elite expressly agreed to "defend all claims, suits and actions against [Caddell]... on account of any injury" and to "...reimburse [Caddell] for all expenses, including reasonable attorneys fees, incurred by reason of such claim, suit or action or incurred in seeking indemnity or other recovery from [Elite] hereunder."

On March 16, 1996, Mariano Alas ("Alas"), an Elite employee, was injured while working for Elite pursuant to the Subcontract. Alas subsequently filed a personal injury lawsuit, naming both Elite and Caddell as defendants. AIL, Elite's insurer, assumed Caddell's defense. AIL settled Alas's lawsuit in July of 2000 for a total of $625,000.00 ("Alas Settlement"). There was no adjudication of fault in a judicial proceeding at any time prior to or after the settlement. The Alas Settlement was within the primary $1,000,000.00 bodily injury limit of Elite's commercial general liability policy with AIL ("AIL Policy"). Caddell, an additional insured on the AIL Policy, was also separately insured via a commercial general liability policy issued by Aetna, TPC's predecessor ("TPC Policy").

## II.

■■■ Exculpatory clauses, including indemnity agreements that indemnify for one's own negligence, are enforceable under Texas law. *See Riley v. Champion Int'l Corp.*, 973 F.Supp. 634, 649 (E.D.Tex. 1997) (citing *Allright, Inc. v. Elledge*, 515 S.W.2d 266, 267 (Tex.1974)). A court may only enforce such agreements if two specific "fair notice" requirements, which serve to ensure that indemnity and release provisions are equitable, are satisfied. *See Dresser Indus. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex.1993). These provisions are the express negligence doctrine and the conspicuousness requirement. *See Enserch Corp. v. Parker*, 794

S.W.2d 2, 8 (Tex.1990). Whether an indemnity agreement satisfies the fair notice requirements is a matter of law for the Court to decide. *See Dresser*, 853 S.W.2d at 509.

### Express Negligence Doctrine

■■■ The express negligence doctrine requires that a party seeking indemnity from the consequences of its own negligence must express that intent in specific terms within the four corners of the contract. *See Enserch Corp.*, 794 S.W.2d at 8. Generally, the express negligence doctrine is satisfied where the intent of the parties is (1) clearly expressed; (2) set forth within the four corners of the agreement; and (3) stated in specific terms. *See Ethyl Corp. v. Daniel Constr. Corp.*, 725 S.W.2d 705, 708 (Tex.1987). In this case, the indemnity provision of the Subcontract clearly satisfied these requirements by specifically stating that Elite agreed "to indemnify [Caddell]...against... any and all claims...for or on account of any injury to any person...even though such injury...may be...attributable in part to negligence or other fault in the part of [Caddell]." Simply put, Elite clearly, and in specific terms, agreed to indemnify Caddell for Caddell's own negligence within the four corners of the Subcontract. Accordingly, the indemnity provision at issue in this lawsuit satisfies the express negligence doctrine.

### Conspicuousness

■■■ The Texas Supreme Court has adopted the Uniform Commercial Code's standard for conspicuousness. *See Dresser*, 853 S.W.2d at 511. Under this standard, an indemnity clause is conspicuous if it is "so written that a reasonable person against whom it is to operate ought to have noticed it." Tex. Bus. & Com.Code § 1.201(10). A "printed heading in capi-

tals" is conspicuous. *Id.* Likewise, a provision on the front side of a contract, not hidden under a misleading heading or surrounded by unrelated terms, is conspicuous. *See Enserch Corp.*, 794 S.W.2d at 9. In this case, Article XII of the Subcontract contains the indemnity provision. It is separately numbered and appears on the face of the contract. The provision is not prefaced by a printed heading in capitals, but it is not hidden under a misleading heading or surrounded by unrelated terms either. Thus, the Court concludes that Subcontract's indemnity provision satisfies the conspicuousness requirement.

 In sum, because the Subcontract's indemnity provision satisfies the fair notice requirements of the express negligence doctrine and conspicuousness, the Court concludes that, as a matter of law, the relevant indemnity provision is valid and enforceable. Furthermore, the Court notes that the portion of the indemnity provision stating that Elite's obligation to indemnify and hold Caddell harmless "shall not be enforceable if, and only if, it is determined by judicial proceedings that the injury... complained of was attributable solely to the fault or negligence of [Caddell], or its officers, agents or employees" is not applicable here. In the instant lawsuit, the underlying action at issue was settled without any adjudication of fault "determined by judicial proceedings." Accordingly, AIL cannot avail itself of this exception to Elite's indemnity obligation. Put another way, because Elite cannot prove that Caddell was solely negligent with respect to Alas's injury, the indemnity provision remains in full force. Moreover, the Alas settlement appears to be the precise type of situation that the indemnity provision was meant to cover-a suit by an Elite employee against Caddell in which the employee asserts that both Caddell and Elite negligently caused his injury.

### The "Other Insurance" Provisions

 Notwithstanding the indemnity provision in the Subcontract, AIL argues that the "Other Insurance" clauses of the AIL Policy and TPC Policy provide that each Party is responsible, under its respective policy, for an equal share of the settlement amount and defense costs incurred as a result of the Alas lawsuit.[1] This argument necessarily fails, however, because valid indemnity agreements must be given affect over the "other insurance" policy clauses. *See Chubb Ins. Co. of Canada v. Mid–Continent Cas. Co.*, 982 F.Supp. 435, 438 (S.D.Miss.1997) (holding that indemnity provision applied regardless of how "other insurance" clauses interacted, where contractor's agreement with operator specifically obligated contractor to defend and indemnify operator for precisely the type of claim being asserted). To hold otherwise would render the indemnity agreement between Elite and Caddell completely ineffectual, "for it is the parties' rights and liabilities to each other which determine the insurance coverage; the insurance coverage does not define the parties' rights and liabilities one to the other." *Id.* (citing *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal.3d 622, 119 Cal.Rptr. 449, 532 P.2d 97, 104–05 (1975)); *see also Aetna Ins. Co. v. Fidelity & Cas. Co. of New York*, 483 F.2d 471, 473 (5th Cir.1973) (declining to allocate losses be-

---

1. The AIL Policy and TPC Policy each contain identical "Other Insurance" provisions stating that "[i]f other valid and collectible insurance is available to the insured for a loss we cover...our obligations are limited...." These provisions go on to state that if both insurance policies at issue are primary (and AIL contends that both policies are), "each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first."

tween insurance carriers when doing so would have the effect of invalidating an otherwise valid indemnity agreement entered into by the insureds). Accordingly, the Court finds that no genuine issue of material fact exists with respect to whether AIL is entitled (or not entitled) to recover from TPC for any portion of its defense and settlement costs with respect to the Alas lawsuit. On the contrary, the undisputed facts show that, as a matter of law, AIL is solely responsible for all costs (including attorneys fees) arising from that action. Therefore, AIL's Motion for Summary Judgment is hereby **DENIED** and TPC's Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED.**