**Terry K. MICKENS and Tamela A. Mickens, Appellants,**

v.

**LONGHORN DFW MOVING, INC., Appellee.**

No. 05–07–00887–CV.

Court of Appeals of Texas, Dallas.

Aug. 6, 2008.

Rehearing Overruled Sept. 15, 2008.

---

Tamela and Terry Mickenses' personal property was destroyed by fire when it was moved by Longhorn DFW Moving, Inc. ("Longhorn") from Duncanville to McKinney. The trial court determined that the relevant provision in the Agreement is sufficiently conspicuous to limit Longhorn's liability to sixty cents per pound. The final judgment awarded the Mickenses $3,120 in damages. The Mickenses raise six issues on appeal. First, the Mickenses contend the trial court erred in holding the limitation of liability clause is conspicuous. In issues two and three, they argue there is no evidence supporting the trial court's judgment as to damages or statutory compliance. The Mickenses then claim that the Agreement cannot apply, in issue four, to their negligence claim, and, in issue five, to limit their tort damages arising from Longhorn's negligence. In their sixth issue, they complain that the trial court's summary disposition of their claims violated their right to due process. Concluding there is no reversible error, we affirm the trial court's judgment.

Gary M. Pridavka, Law Office of Gary Pridavka, Dallas, TX, for appellants.

Vic Houston, Henry and Michael G. Oddo, Henry Oddo Austin & Fletcher, P.C., Pamela E. Wagner, Dallas, TX, for appellee.

Before Justices WHITTINGTON, RICHTER and MAZZANT.

## OPINION

Opinion by Justice RICHTER.

This case concerns the enforceability of a limitation-of-liability provision in a moving services contract ("Agreement").

## BACKGROUND

The Mickenses hired Longhorn to move their personal property from a storage facility in Duncanville to their home in McKinney. The Agreement signed by Mr. Mickens contains a provision stating:

A HOUSEHOLD GOODS CARRIER'S LIABILITY FOR LOSS OR DAMAGE TO ANY SHIPMENT IS 60¢ PER POUND ARTICLE, UNLESS THE CARRIER AND SHIPPER AGREE, IN WRITING TO A GREATER LEVEL OF LIABILITY.

There was no agreement between the parties for increased liability.

On November 29, 2004, Mr. Mickens met three Longhorn employees at the

storage facility and the property was loaded into a Longhorn trailer. Longhorn's employees admit they were taking smoking breaks during the time it took to load the trailer. After they finished, the three Longhorn employees got into the truck pulling the trailer and followed Mr. Mickens' car to McKinney. At the stop sign right before the Mickenses' house, the movers noticed smoke coming from the trailer and, upon opening a panel, saw flames. Photographs taken by the McKinney Fire Department's arson inspector reflect a complete destruction of the trailer's contents.

The Mickenses filed suit against Longhorn alleging negligence and gross negligence and requesting recovery for, among other damages, mental anguish. Longhorn filed a motion for partial summary judgment on three grounds: (1) the Mickenses' claims arise from the Agreement and they are not entitled to recovery for mental anguish; (2) the Mickenses' suit cannot proceed because they failed to submit a claim before filing suit; and (3) the Agreement limited Longhorn's liability to sixty cents per pound. The trial court granted Longhorn summary judgment on the first ground only "as to any claims by the [Mickenses] for mental anguish."

The case was called to trial on April 11, 2007. The trial court heard arguments on the motions in limine submitted by each side. During the extensive pretrial hearings transpiring over three days, the trial court ultimately determined that the

Agreement's clause limiting liability was conspicuous and, therefore, enforceable. Referring to a prior estimate of poundage contained in the moving contract for the Mickenses' earlier move to Texas which is not part of the record, Longhorn offered to confess judgment for 5200 pounds at sixty cents a pound, or $3,120. The Mickenses put on evidence in a bill of exceptions as to their opinion of the fair market value of their lost possessions but no evidence as to the weight of the destroyed load. After she ruled that the limitation of sixty cents per pound was enforceable, the trial judge specifically asked the Mickenses' counsel "So you don't want to do a bill or anything like that?" The lawyer relied: "No." The trial court signed a final judgment "that Defendant is liable to Plaintiffs in the amount of $3.120.00."

## DISCUSSION

### A. Longhorn's Limitation of Liability

The Mickenses' first, fourth and fifth issues concern the enforceability of the Agreement's limitation-of-liability provision.[1] The Mickenses concede that compliance with the fair notice requirement of conspicuousness is a question of law to be determined by the court. *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 510 (Tex.1993) ("issue of compliance with fair notice requirements is a question of law for the court"). Accordingly, we review the trial court's decision de novo. *Valence Operating Co. v. Dorsett*, 164

---

1. Issue 1. Whether the trial court erred in ruling that a limitation of liability clause contained within a moving services contract entered into by and between the Mickenses and Longhorn was conspicuous and therefore enforceable.

Issue 4. Whether the trial court erred in ruling that a limitation of liability clause con-

tained with the moving services contract was enforceable when such clause was not susceptible of enforcement or performance due to the negligence of Longhorn.

Issue 5. Whether the trial court erred in ruling that the Mickenses' tort damages were contractually limited to 60¢ per pound of property destroyed.

S.W.3d 656, 661 (Tex.2005); *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 175 (Tex.App.–Dallas 2000, pet. denied).When reviewing error under a de novo standard, we conduct an independent analysis of the record to arrive at our own legal conclusion. *Quick v. City of Austin,* 7 S.W.3d 109, 116 (Tex.1998).

 In *Dresser Industries,* the Texas Supreme Court adopted the Texas Business and Commerce Code's standard for conspicuousness. *Dresser Indus.,* 853 S.W.2d at 510–11 (citing TEX. BUS. & COM. CODE ANN. ("Texas UCC") § 1.201(10) (Vernon Supp.2007)); *see also Cate v. Dover Corp.,* 790 S.W.2d 559, 560 (Tex.1990); *Am. Indem. Lloyds v. Travelers Prop. & Cas. Co.,* 189 F.Supp.2d 630, 633–34 (S.D.Tex.2002)(applying Texas law), *aff'd,* 335 F.3d 429 (5th Cir.2003). Under the Texas UCC, a term is conspicuous if it is "so written, displayed, or presented that a reasonable person against whom it is to operate ought to have noticed it. . . ." Texas UCC § 1.201(10). The test for the court is "whether attention can reasonably be expected to be called to [the provision]." *Littlefield v. Schaefer,* 955 S.W.2d 272, 275 (Tex.1997).

 In the present case, the first page of the two-page Agreement has an outlined box containing Mr. Mickens' signature and nine provisions of three or less lines each. Of the nine, only two provisions are printed in all capital letters. One of the two provisions is the limitation-of-liability clause. Mr. Mickens' signature is less that one inch below the capitalized language. We conclude the provision is conspicuous because it is "so written, displayed, or presented that a reasonable person against whom it is to operate ought to have noticed it. . . ." Texas UCC § 1.201(10). *See*

*e.g., Am. Indem. Lloyds,* 189 F.Supp.2d at 634 (provision held conspicuous where separately numbered and appearing on the face of the contract). The Mickenses' first issue is overruled.

 In their fourth and fifth issues, the Mickenses argue that a contract cannot limit their tort damages resulting from Longhorn's negligence. In other words, they contend that because they sued for negligence, they should not be limited to contract damages. However, in determining whether a claim sounds in tort or contract, we look to the substance of the cause of action-not necessarily the manner in which it was pleaded. *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986). "When a negligence claim is made alleging the breach of the very duties encompassed in a contract between the parties, the action is for breach of contract and not tort." *CBI NA–CON, Inc. v. UOP, Inc.,* 961 S.W.2d 336, 340 (Tex.App.–Hous.[1st Dist] 1997, pet. denied) (citing *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494–95 (Tex. 1991)). Once Longhorn obtained summary judgment disposing of Mrs. Mickens' claim for mental anguish damages, the Mickenses' only loss was the destroyed personal property moved in Longhorn's trailer which is, necessarily, a loss sustained during the performance of Longhorn's duties under the Agreement. Accordingly, even though the Mickenses allege negligence, their action is for breach of contract and the Agreement's limitation-of-liability clause applies to measure their claimed loss. The Mickenses' fourth and fifth issues are overruled.

## B. No Evidence Complaints

 In their second and third issues, the Mickenses claim there is no evidence

to support the trial court's judgment because there is no evidence of (a) Longhorn's compliance with Section 7.309(b) of the Texas UCC, or (b) the weight of the destroyed property. Neither argument persuades us. First, the issue of whether Texas UCC § 7.309(b) applies was never presented to the trial court. To preserve error on appeal, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefore, and obtain a ruling that appears in the record. TEX.R.APP. P. 33.1(a); *Estate of Miller*, 243 S.W.3d 831, 837 (Tex.App.–Dallas 2008, no pet.) (citing *Wal–Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex.1999)). Accordingly, any complaint about the application of that statutory provision has been waived.

■ Second, whether their claims sound in contract or tort, it was the Mickenses' burden to prove damages as part of their claim. *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 862 (Tex.App.-Dallas 2005, no pet.) (citing *Southwell v. Univ. of Incarnate Word*, 974 S.W.2d 351, 354–55 (Tex. App.–San Antonio 1998, pet. denied) (evidence of injury or damage to the plaintiff is an essential element of breach of contract)); *A.B.F. Freight Sys., Inc. v. Austrian Import Serv., Inc.*, 798 S.W.2d 606, 615 (Tex.App.–Dallas 1990, writ denied) (citing *Roberts v. U.S. Home Corp.*, 694 S.W.2d 129, 135 (Tex.App.–San Antonio 1985, no writ)(evidence of damages required in negligence action)). The basis for the weight of the load used to calculate damages was Longhorn's judicial admission that the load was estimated to be 5200 pounds and its confession of judgment for $3,120. Although given the opportunity, the Mickenses proffered no evidence relevant to the measure of damages applied by the trial court. Instead, they only offered their own opinion testimony on the fair market value of the destroyed property. By not submitting any evidence relevant to the correct measure of damages, the Mickenses waived any error relating to the amount of damages recovered. TEX.R.APP. P. 33.1. We overrule issues two and three.

## C. Due Process Concerns

■ In their sixth issue, the Mickenses contend the summary disposition of their claims violated their right to due process. However, Texas Rule of Civil Procedure 248 directs the trial court to resolve pending matters "as far as practicable" before a jury trial commences. TEX.R. CIV. P. 248. Whether a contract is legally enforceable is a question of law for the court-not a fact issue for the jury. *Walden v. Affiliated Computer Services, Inc.*, 97 S.W.3d 303, 317 (Tex.App.–Hous.[14th Dist.] 2003, pet. denied). As a legal question, it is not error for the trial court to determine the enforceability of the liability limitation of sixty cents per pound by pretrial order. *Id.* at 322–23 (trial court has authority to dispose of legal issues in pretrial conference ruling). A constitutional right to jury trial depends on the existence of an issue of material fact. *Id.* at 323–24. The Mickenses identify no fact issue that they were prevented from presenting to a jury. Their sixth issue is resolved against them.

### CONCLUSION

Finding no reversible error, we affirm the trial court's judgment.