**Reverse and Render and Opinion Filed August 20, 2013**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-11-00970-CV**

**CTMI, LLC, MARK BOOZER AND JERROD RAYMOND, Appellants**

**V.**

**RAY FISCHER AND CORPORATE TAX MANAGEMENT, INC., Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-08088-K**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Bridges

Appellants CTMI, LLC, Mark Boozer, and Jerrod Raymond appeal from the trial court's final judgment, finding the "2010 Adjustment" enforceable. In a single issue, appellants contend the trial court erred by declaring enforceable an unambiguous provision of the Asset Purchase Agreement that explicitly required the parties to engage in future negotiations and mutually agree on additional terms. We reverse and render judgment in favor of appellants.

**Background**

On November 21, 2007, Ray Fischer entered into an Asset Purchase Agreement ("APA") with CTMI, whereby CTMI acquired the assets of Fischer's business consulting firm. The APA defined the term "Buyer" to include CTMI, LLC and the term "Seller" to include both Ray Fischer and Corporate Tax Management, Inc.

The appeal focuses on the 2010 Earn Out Payment provision found in section 2(c)(iv)(D) of the APA. Specifically, the portion of the 2010 Earn Out Payment that is the subject of this appeal is known as the "2010 Adjustment."

The 2010 Adjustment related to projects that were "in-progress" as of December 31, 2010. The APA stated any payments relating to those "in-progress projects" would be determined as follows:

> By January 31, 2011, a list of projects that were in-progress as of December 31, 2010, will be generated with a percentage of completion assigned to each project as of December 31, 2010. The percentage of completion *will have to be mutually agreed upon* by Buyer and Seller. The 2010 Adjustment will include revenue based upon the percentages assigned to these in-progress projects, but the portion of the 2010 Adjustment reflecting the in-progress projects will not be payable to Seller until the respective revenue is actually collected, and then it will be payable within twenty (20) days of collection by Buyer.

(emphasis added).

The APA was a fully-integrated agreement as follows:

> The parties acknowledge that this Agreement (and the documents to which it refers) contains the entire agreement between the parties hereto with regard to the subject matter hereof, and that all the terms of the Agreement are contractual and not mere recitals. No representations or warranties have been made or relied upon that are not set forth in this Agreement. This Agreement (and the documents to which it refers) represents the complete and integrated understanding between the parties pertaining to the terms and conditions described therein. All prior agreements, covenants, arrangements, communications, representations or warranties, whether oral or written, by any officer, employee or representative of any party, are of no force or effect.

On December 15, 2008, CTMI filed suit against Fischer and Corporate Tax Management, Inc., seeking a declaration of its rights under the APA. Fischer and Corporate Tax Management counter-sued CTMI,[1] alleging breach of contract and common law fraud. During trial, but prior to the reading of the jury charge, the parties reached a settlement on all issues in their live

---

[1] Fischer and Corporate Tax Management, Inc. brought in Mark Boozer and Jerrod Raymond as third-party defendants. Boozer and Raymond were alleged to be authorized agents of CTMI.

pleadings with two exceptions: (1) the enforceability of the 2010 Adjustment and (2) attorney's fees. On June 6, 2011, the trial court signed an agreed order of severance, severing from the original cause CTMI's request for declaratory relief as to the 2010 Adjustment. On June 7, 2011, the trial court entered a final judgment, declaring the 2010 Adjustment enforceable.

## Analysis

In a single issue, appellants contend the trial court erred by declaring enforceable an unambiguous provision of the Asset Purchase Agreement that explicitly required the parties to engage in future negotiations and mutually agree on additional terms. Whether a contract is legally enforceable is a question of law for the court. *Mickens v. Longhorn DFW Moving, Inc.*, 264 S.W.3d 875, 880 (Tex. App.—Dallas 2008, pet. denied). Questions of law are subject to de novo review. *See Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011).

In general, a contract is legally binding only if its terms are sufficiently definite to enable a court to understand the parties' obligations. *See T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). If an alleged agreement is so indefinite as to make it impossible for a court to fix the legal obligations and liabilities of the parties, it cannot constitute an enforceable contract. *Playoff Corp. v. Blackwell*, 300 S.W.3d 451, 455 (Tex. App.—Fort Worth 2009, pet. denied). An agreement to make a future contract is enforceable only if it is "specific as to all essential terms, and no terms of the proposed agreement may be left to future negotiations." *Fort Worth Ind. School Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000). It is well settled law that when an agreement leaves material matters open for future adjustment and agreement that never occur, it is not binding upon the parties and merely constitutes an agreement to agree. *See, e.g., id.*; *Central Tex. Micrographics v. Leal*, 908 S.W.2d 292, 297 (Tex. App.—San Antonio 1995, no writ); *Mooney v. Ingram*, 547 S.W.2d 314, 317 (Tex. App.—Dallas 1977, writ ref'd n.r.e.) (stating "there is no enforceable contract where

the agreement of the parties leaves an essential term for later determination and it is never determined").

In the case before us, appellees contend the APA "is not conditioned upon, nor does it contemplate that another contractual agreement containing the percentages of completion of the 'in-progress' projects at the end of 2010 will be entered into." We disagree.

The 2010 Adjustment states, "The percentage of completion *will have to be mutually agreed upon* by the Buyer and Seller." (emphasis added). The APA goes on to note the 2010 Adjustment will "include revenue based upon the percentages assigned to these in-progress projects. . . ." Appellees contend the 2010 Adjustment is "nothing more than a reiteration of the 'Cooperation' provision requiring the parties to 'promptly do all such acts and take all such reasonable measures as may be appropriate to enable it to perform as early as practicable the obligations herein provided to be performed.'" They also argue the APA, taken as a whole, contains all the material terms. However, without the agreed percentage, there is no formula for calculating the payments. Furthermore, the APA includes no methodology for deciding the percentages and does not specify the manner in which disputes concerning the percentages of completion would be resolved or what would occur if the parties failed to reach mutual agreements on the percentages.

Still, appellees argue that the percentage of completion can "easily, and specifically, be determined" and that the parties "intended to enter such agreement as a binding and enforceable agreement." Like in the *Playoff* case; however, it is inescapable that the percentage of completion would be determined by a formula yet to be determined by additional negotiation and agreement between the parties. *See Playoff*, 300 S.W.3d at 456-57. Therefore, the alleged agreement left a material matter open for future adjustment and agreement that never occurred. *See id.* at 457 (citing *Fort Worth ISD*, 22 S.W.3d at 846).

The *Playoff* court cited a Tennessee court of appeals case in making its decision, and we also find that decision instructive. *See Playoff*, 300 S.W.3d at 457 (citing *Four Eights, LLC v. Salem*, 194 S.W.3d 484 (Tenn. Ct. App. 2005)). In *Four Eights*, the parties entered into a lease agreement with an option to purchase the leased premises for "its then fair market value." *Id.* at 486. The lease stated, "The Fair Market Value must be determined by the Lessor and Lessee, negotiating in good faith. . . ." *Id.* The Tennessee court of appeals held that, while "fair market value" has a common meaning, the lease provision that fair market value must be determined through good-faith negotiation was an unenforceable agreement to agree. *Id.* (stating that by adding the provision that "Fair Market Value *must be determined* by the Lessor and Lessee, negotiating in good faith, . . . the parties basically made an 'agreement to agree' to something in the future, and such agreements have generally been held unenforceable, both in this jurisdiction and others").

We conclude the 2010 Adjustment was also an unenforceable agreement to agree. *See Playoff*, 300 S.W.3d at 457; *Four Eights*, 194 S.W.3d at 486. Because the APA reflects the parties never reached an agreement on an additional material term (the percentage of completion), the 2010 Adjustment fails for "indefiniteness" as a matter of law. *See Playoff*, 300 S.W.3d at 457 (citing *T.O. Stanley Boot Co.*, 847 S.W.2d at 222). We sustain appellants' sole issue on appeal.

Having sustained appellants' issue, we reverse the judgment of the trial court and render judgment that the 2010 Adjustment is unenforceable as a matter of law.

/David L. Bridges/

110970F.P05

DAVID L. BRIDGES
JUSTICE

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CTMI, LLC, MARK BOOZER AND
JERROD RAYMOND, Appellants

No. 05-11-00970-CV     V.

RAY FISCHER AND CORPORATE TAX
MANAGEMENT, INC., Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-08088-K.
Opinion delivered by Justice Bridges.
Justices FitzGerald and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED,** and we **RENDER** judgment that the 2010 Adjustment is unenforceable as a matter of law.

It is **ORDERED** that appellants CTMI, LLC, MARK BOOZER AND JERROD RAYMOND recover their costs of this appeal from appellees RAY FISCHER AND CORPORATE TAX MANAGEMENT, INC.

Judgment entered August 20, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE