### EYSSEN et al. v. ZEPPA et al.

### No. 5022.

Court of Civil Appeals of Texas. Texarkana.
Dec. 12, 1936.

Rehearing Denied Jan. 7, 1937.

Lawrence Treadwell, of Corsicana, for appellants.

Saye & Saye and K. H. Wasson, all of Longview, for appellees.

HALL, Justice.

Appellees brought this suit in the special district court of Rusk county against appellants in trespass to try title to one acre of land. Appellees comprise the Trustees of Leverett's Chapel Independent School District of Rusk County, alleged owners of the land in fee, and their lessee and assignee. Appellants answered by general demurrer, general denial, and plea of not guilty, and alleged further that the land in controversy was a part of a larger tract owned by them; that on September 3, 1914, their predecessors in title, Richard Wells and wife, conveyed the one acre of land in controversy to certain parties as Trustees of Common School District No. 29 of Rusk County to be held by them only "so long as said tract or parcel of land is used for school purposes"; that said tract of land has long since been abandoned for school purposes and appellees no longer have any interest therein. The appellants comprise the owners of the larger tract out of which the tract in controversy was carved in 1914, and the owners of mineral interests in the larger tract. Trial was to the court without a jury, which resulted in judgment for appellees for the title and possession of the one acre of land in controversy. From this judgment appellants prosecute their appeal to this court.

The record reveals that on September 3, 1914, Richard Wells and wife conveyed the land in controversy, part of a larger tract, to Common School District No. 29 of Rusk County, Texas, by the following deed:

"State of Texas, County of Gregg

"Know all Men by These Presents:

"That we, Richard Wells and wife, Mary Wells, of the County of Rusk, State of Texas, for and in consideration of the sum of One and No/100 Dollars to us paid, by H. Baton, H. C. Russell and H. P. Leverett, Trustees of Common School District No. 29, Rusk County, Texas, as follows:

"Cash in hand receipt of which is hereby acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey, unto the said H. Baton, H. C. Russell and H. P. Leverett, Trustees for said Common School District No. 29, Rusk County, Texas, of the County of Rusk, State of Texas, all that certain lot,

418

tract or parcel of land situated in Rusk County,. Texas, about 14 miles north of the town of Henderson and on the Overton and Leverett's Chapel Public Road, near the center of the original one hundred and forty (140) acres of land deeded to Richard Wells by J. M. Thompson and being a part of the Henry Hobson Survey said land herein conveyed being more fully described, to-wit:"

(Here follows description of land conveyed)

"To have and to hold the above. described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said H. Baton, H. C. Russell and H. P. Leverett, Trustees for said Common School District No. 29, Rusk County, Texas, their successors forever, so long as said tract or parcel of land is used for school purposes; and we do hereby bind ourselves, our heirs, executors and administrators to Warrant and Forever Defend, all and singular the said premises unto the said H. Baton, H. C. Russell and H. P. Leverett, Trustees for said Common School District No. 29, their successors, against every person whomsoever, lawfully claiming or to claim the same, or any part thereof.

"Witness our hands at Kilgore, Texas, this 3rd day of September, A. D. 1914.

"Richard X Wells
my
mark
"Mary Wells."

The trial court found as a fact that the land had been abandoned for school purposes several years before the trial, and the evidence showed that it was abandoned for school purposes several years before the discovery of oil in Rusk county. The trial court also found as a fact that Common School District No. 29 of Rusk County had been organized as an independent school district under the name of Leverett's Chapel Independent School District of Rusk County, Tex. It was agreed that Richard Wells and wife were the common source of title and that appellants "have and hold all the title to the land and minerals involved in this suit which were on January 1, 1930, held by said Richard Wells and the heirs of his wife.".

Appellants' first proposition is: "Where the consideration in a deed is shown to be $1.00 paid by school trustees, and the land is deeded to such trustees, and the habendum in such deed runs to such trustees and 'their successors forever, so long as said

tract or parcel of land is used for school purposes'; the deed does not convey a fee simple title to such trustees, and when the school lot is no longer used for school purposes, and repossessed by the grantor in such deed, the title reverts to such grantor or his heirs."

We are of the opinion that this is a correct proposition of law. By the plain terms of the deed conveying the land in controversy to the school trustees, it is apparent that the grantors and the grantees intended the fee to be limited as to its duration as well as to the use to which it was to be put. The grantees were to own and possess the property "so long as same is used for school purposes." They took the deed with this limitation plainly appearing in the face thereof. The school trustees alone could determine the length of time said property could be held and possessed. The terms of the deed are not ambiguous and its full meaning can be ascertained from its contents without resort to extrinsic evidence. If it were not the intention of the parties to this deed that the title to the land conveyed thereby should revert to the grantor upon the happening of a contingency, to wit, the abandonment of the property for school purposes, why did they insert the words "so long as such tract or parcel of land is used for school purposes"? These quoted words, in our opinion, fixed a conditional limitation on the title to the land conveyed and as such required no re-entry by the grantor to revest the title in him; although the record shows that Richard Wells did actually take possession of said land after it had been abandoned for school purposes and farmed it for several years before oil was discovered in Rusk county. In Green v. Gresham, 21 Tex.Civ.App. 601, 53 S.W. 382, 384, the court, in disposing of a question almost identical with the one here, had this to say: "In the opinion already filed, reversing the judgment in this case, we pretermitted any expression of opinion on the question of the right of the appellees, the vendees of Settle and wife, to maintain this suit. It is now. insisted that this may be taken upon another trial as an intimation by this court prejudicial to the appellees, and we are therefore requested to determine this question upon the authorities cited in the motion for rehearing; the contention being that the qualifying clause, 'so long as said lands shall be used by said district for school purposes,' was but a conditional· limitation, and not a condition

subsequent. The authority cited to support this proposition (2 Washb. Real Prop. pp. 25–27) seems to sustain it. Among other cases cited in the footnotes is that of Ashley v. Warner, 11 Gray [Mass.] 43, in which the court used the following language: 'Goodale declined to give the plaintiff a lease, but told him "that so long as he kept a good school he might have his share of the building." This agreement of Goodale gave the plaintiff a tenancy at will, but a tenancy with a conditional limitation. It was not on the condition of keeping a good school, but so long as he kept a good school. The distinction is nice and technical, but yet quite familiar law. If the tenancy were upon a condition, and there were a breach, the estate would not determine but upon the entry of the lessor after such breach. Being a conditional limitation, the estate determines upon the happening of the contingency, to wit, the ceasing or failure to keep a good school by the plaintiff.' This view we are inclined to adopt."

We are unable to find where this holding has been set aside by the Supreme Court. It was followed in a holding by the Dallas Court of Civil Appeals in Swindall v. Van School District, 37 S.W.(2d) 1094, which holding was approved by the Commission of Appeals in Pure Oil Co. v. Swindall, 58 S.W.(2d) 7. The following authorities, we think, also sustain this holding: Wiederanders v. State, 64 Tex. 133 (exact page 140); Stewart v. Blain (Tex.Civ.App.) 159 S.W. 928; Tiederman Real Property (4th Ed.) § 211; C. J. vol. 18, p. 301, § 281, and notes. In Davis v. Skipper, 125 Tex. 364, 83 S.W.(2d) 318, 319, the Commission of Appeals, in construing a deed which contained a reverter clause similar to the one in the case at bar, uses this language:

"It will be observed that the consideration for the conveyance in question is threefold in its nature: (a) The sum of $10; (b) an agreement that the premises should be used for church purposes only; and (c) that in case the same is abandoned as such, the title shall revest in H. T. Elder.

"There are many authorities to the effect that a recital in a deed of conveyance that it is made upon a money consideration, and a further consideration that the grantee shall do certain things, or that only a certain use shall be made of the property, does not impose a condition and does not create an estate upon a condition subsequent. 8 R.C.L. 1101; 18 C.J. 353, 354; Board of Councilmen v. Capital Hotel Co., 188 Ky. 754, 224 S.W. 197; Adams v. First Baptist Church, 148 Mich. 140, 111 N.W. 757, 11 L.R.A.(N.S.) 509, 12 Ann.Cas. 224; Fraley v. Wilkinson, 79 Okl. 21, 191 P. 156. This being true, it is obvious that in this instance the condition subsequent is not created except by the additional language, 'and that in case the same is abandoned as such that the title shall be revested in the said H. T. Elder.' It has been found as a fact, and is not controverted, that the property has not been abandoned for church purposes, but is still used as such, and therefore there has been no breach of the condition subsequent. As the condition upon which the title to the land was conveyed has not been broken, it is manifest that all interest plaintiffs have in the land is a possibility of reverter. This is not such an estate as permits them to recover the title and possession of the land, and the Court of Civil Appeals [59 S.W.(2d) 454] correctly ruled upon this point."

Undoubtedly the Commission of Appeals in the case quoted above would have held that the title to the tract of land there involved would have reverted to Elder had it been shown that said property had been abandoned for church purposes. So, we conclude that the words "so long as said tract or parcel of land is used for school purposes," in the deed from Wells and wife to Common School District No. 29, created a conditional limitation and that the title thereto ipso facto reverted to the grantor, Wells, on the date of the abandonment of same by the school district for school purposes.

This conclusion renders the other assignments brought forward immaterial, and they will not be discussed.

The judgment of the lower court is reversed, and judgment is here rendered for appellants for the title and possession of the land and mineral estate involved herein.