ACCEPTED
03-15-00051-CV
4905311
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/15/2015 4:19:13 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00051-CV

IN THE COURT OF APPEALS
THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/15/2015 4:19:13 PM
JEFFREY D. KYLE
Clerk

TRENT LINDIG,

*Appellant,*

V.

PLEASANT HILL ROCKY COMMUNITY CLUB,

*Appellee.*

ON APPEAL FROM THE 33RD DISTRICT COURT, BLANCO COUNTY, TEXAS
HONORABLE J. ALLAN GARRETT PRESIDING
CAUSE NO. CV07580

## APPELLANT'S BRIEF

HOUSTON DUNN, PLLC
Samuel V. Houston, III
State Bar No. 24041135
4040 Broadway, Suite 440
San Antonio, Texas  78209
(210) 775-0882 – Telephone
(210) 826-0075 – Fax
sam@hdappeals.com

ZACHARY P. HUDLER, P.C.
Zachary P. Hudler
State Bar No. 24032318
100 E. Pecan Street, Suite One
Johnson City, Texas 78636
(830) 868-7651 – Telephone
(830) 868-7636 – Fax
zachary@hudlerlaw.com

**ATTORNEYS FOR APPELLANT**

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to this appeal and the names and addresses of those parties' counsel:

| **APPELLANT**<br>Trent Lindig | **APPELLATE COUNSEL**<br>Samuel V. Houston, III<br>HOUSTON DUNN, PLLC<br>4040 Broadway, Suite 440<br>San Antonio, Texas 78209 |
|---|---|
| | **TRIAL/APPELLATE COUNSEL**<br>Zachary P. Hudler<br>ZACHARY P. HUDLER, P.C.<br>100 E. Pecan Street, Suite One<br>Johnson City, Texas 78636 |
| **APPELLEE**<br>Pleasant Hill Rocky<br>Community Club | **APPELLATE COUNSEL**<br>Jeff Small<br>LAW OFFICE OF JEFF SMALL<br>12451 Starcrest Drive, Suite 100<br>San Antonio, Texas 78216 |
| | **TRIAL/APPELLATE COUNSEL**<br>Norman L. Nevins<br>THE NEVINS LAW FIRM<br>206 West Main Street<br>Fredericksburg, Texas 78624 |

**TABLE OF CONTENTS**

                                                                                                          **Page**

IDENTITY OF PARTIES AND COUNSEL ......................................................... i

TABLE OF CONTENTS ................................................................................... ii

TABLE OF AUTHORITIES ............................................................................. iv

STATEMENT OF THE CASE ........................................................................... vi

STATEMENT REGARDING ORAL ARGUMENT ........................................ vii

ISSUE PRESENTED ....................................................................................... vii

STATEMENT OF FACTS ................................................................................. 1

      I.      The Lindig Family Has Owned the 1.3 Acre Tract in Blanco
            County That Is at Issue in this Appeal For Many Years. ............ 1

            A.     Trent's Great Grandfather, Albert Lindig, Conveyed
                  the Disputed Property Subject to a Limitation That It
                  Could Only Be Used for School Purposes......................... 1

            B.     Acknowledging That a School Was No Longer Being
                  Operated on the Property, the Blanco County School
                  Board Trustees Execute a Deed Purporting to Convey
                  the Property to the Pleasant Hill Improvement
                  Association. .....................................................................2

            C.     The Lindigs Continued To Assert Their Ownership
                  Rights in the Property After 1952......................................3

            D.     The Lindigs Assert That Any Use By the Club or Other
                  Groups Was Done with the Lindigs' Permission...............4

     II.     Trent Files Suit to Confirm His Ownership in the Property,
            Leading the Club to Assert a Competing Ownership Claim
            to the Property. ...........................................................................4

SUMMARY OF THE ARGUMENT ................................................................. 6

ARGUMENT .................................................................................................... 7

      I.      The Trial Court's Construction of the 1927 Deed and the
            Reverter Clause Is Reviewed De Novo on Appeal. ..................... 7

     II.     Applying Well-Established Legal Principles, the Court Should
            Conclude That Trent Owns the Property Because the Reverter

Clause Was Triggered. ................................................................8

A. The 1927 Deed Created a Possibility of Reverter and
Vested Albert Lindig's Heirs with a Future Possessory
Interest in the Property. ...................................................8

B. The Limitation in the 1927 Deed Was Breached When
a School No Longer Operated on the Property. ............. 10

C. The Club's Construction of the 1927 Deed Is Flawed
and Unsupported By Any Authority. .............................. 12

III. Conclusion and Prayer ............................................................ 13

CERTIFICATE OF COMPLIANCE ............................................................ 14

CERTIFICATE OF SERVICE .......................................................................15

APPENDIX ..................................................................................................A

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bagby v. Bredthauer*, 627 S.W.2d 190 (Tex. App.—Austin 1981, no writ) ... 9

*City of Houston v. Van De Mark*,
83 S.W.3d 864 (Tex. App.—Texarkana 2002, pet. denied) ...................... 7

*Cooke v. Morrison*,
404 S.W.3d 100 (Tex. App.—Houston [1st Dist.] 2013, no pet.) .............. 7

*Cypress-Fairbanks Indep. Sch. Dist. v. Glenn W. Loggins, Inc.*,
115 S.W.3d 67,(Tex. App.—San Antonio 2003, pet. denied)..................... 9

*El Dorado Land Co. v. City of McKinney*, 395 S.W.3d 798 (Tex. 2013)... 8, 9

*Eyssen v. Zeppa*,
100 S.W.2d 417 (Tex. Civ. App.—Texarkana 1936, writ ref'd) ................ 12

*Hausser v. Cuellar*,
345 S.W.3d 462 (Tex. App.—San Antonio 2011, pet. denied) (en banc)....8

*Leeco Gas & Oil Co. v. Cnty. of Nueces*, 736 S.W.2d 629 (Tex. 1987)...........8

*Luckel v. White*, 819 S.W.2d 459 (Tex. 1991) ......................................7, 8, 12

*Mickens v. Longhorn DFW Moving, Inc.*,
264 S.W.3d 875 (Tex. App.—Dallas 2008, pet. denied) ........................... 7

*Monroe v. Scott*,
707 S.W.2d 132 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.) ..........8

*Stewart v. Blain*,
159 S.W. 928 (Tex. Civ. App.—Galveston 1913, no writ)............... 10, 12, 13

*Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*,
432 S.W.3d 381 (Tex. App.—San Antonio 2014, pet. denied)...................11

*XTO Energy Inc. v. Nikolai*,
357 S.W.3d 47 (Tex. App.—Fort Worth 2011, pet. denied) ......................11

## STATUTES & RULES

TEX. CIV. PRAC. & REM. CODE § 51.014(d) ...................................................... 7

TEX R. CIV. P. 248 ......................................................................................... 5

## OTHER AUTHORITIES

36 David B. Brooks, *Texas Practice Series:
County and Special District Law* § 30.10 (2d ed.) ..................................... 3

BLACK'S LAW DICTIONARY 716 (7th ed. 1999) ................................................... 9

# STATEMENT OF THE CASE

**Nature of the Case:**

Appellant Trent Lindig brought suit to confirm his ownership in a 1.3 acre tract of land in Blanco County, alleging a trespass to try title action, a suit to quiet title, and declaratory judgment claim. CR 439-43. Trent's principal argument is that a reverter clause in a 1927 Deed executed by his great grandfather had been triggered when the property was no longer being used for school purposes. CR 441. As a result, Trent claimed fee simple ownership of the property. CR 441. Appellee Pleasant Hill Rocky Community Club challenged Trent's ownership claim by first asserting that the reverter clause had not been triggered. CR 454-55. Alternatively, even if the clause was triggered, the Club claimed title through adverse possession. CR 455-57. After denying the parties' summary judgment motions, the trial court addressed the reverter clause in connection with a motion filed by Trent pursuant to Texas Rule of Civil Procedure 248. 4 RR 4-5.

**Trial Court:**

District Judge J. Allan Garrett considered Trent's Rule 248 Motion.

**Trial Court Disposition:**

The trial court interpreted the 1927 Deed in the Club's favor, ruling that "the circumstances have not occurred to trigger the reverter clause." CR 475; Appx. A. The trial court also granted the parties' agreed request to permit an immediate appeal of the order on Trent's Rule 248 Motion. CR 479; Appx. B.

## STATEMENT REGARDING ORAL ARGUMENT

This appeal presents a straightforward issue regarding the construction of a deed. The authorities cited herein compel the result advanced by Trent. Nonetheless, should the Court determine that oral argument is necessary, Trent reserves the right to participate in any future oral argument.

## ISSUE PRESENTED

Appellant believes this case presents the following issue:

1. Did the trial court err when it concluded that Trent Lindig was not the rightful owner of the disputed property by virtue of the reversionary interest created in the 1927 Deed from Albert Lindig to the Blanco County Board of Trustees?

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant Trent Lindig respectfully presents this brief requesting that the Court reverse the trial court's order denying the relief requested in his Rule 248 Motion.

## STATEMENT OF FACTS

**I.    The Lindig Family Has Owned the 1.3 Acre Tract in Blanco County That Is at Issue in this Appeal for Many Years.**

**A.    Trent's Great Grandfather, Albert Lindig, Conveyed the Disputed Property Subject to a Limitation That It Could Only Be Used for School Purposes.**

The Lindig family has owned a multi-acre tract of land in Blanco County since the early 1900s. *See* CR 104, 385. That tract of land, which is described in deeds as being part of the Seaborn Hopper Survey, includes the disputed 1.3 acre tract of land that is at the center of the dispute between Trent and the Pleasant Hill Rocky Community Club. *See* CR 101, 116. This appeal concerns the interpretation of a deed executed by Trent's great grandfather, Albert Lindig, in 1927 (hereinafter the "1927 Deed"). *See* CR 96-98.[1]

Albert Lindig conveyed the 1.3 acre tract to "J.C. Goar, T.E. Patton, Scott Klett, J.J. Fuchs and Gus Artzt, constituting the County Board of Trustees for Blanco County, Texas." CR 96. The deed limited the type of activity that could be conducted on the property in three separate clauses. In describing the consideration being exchanged in the conveyance, the deed recites "that the

---

[1] The 1927 Deed appears multiple times in the appellate record. Trent references the most legible copy in this brief.

1

land herein conveyed shall be used for School purposes only." CR 96. The deed's granting clause provides that the property "shall be used for School purposes for the Pleasant Hill School District No. 21." CR 96. The deed's habendum clause confirms that the property was being conveyed to the County Board of School Trustees "for School Purposes." CR 97. Consistent with this limitation, the deed contains a reverter clause setting forth the following: "But it is understood that in case the said School House or any other house which may be built and used for a School house is removed from said land herein described then the said above described land shall revert back to me, my heirs, assigns or legal representatives." CR 96.

A school operated on the property in the years following 1927. *See* CR 102, 116. It is undisputed, however, that a school was no longer being operated on the property by 1952. CR 102, 110, 116, 132, 458; *see also* CR 253. The same remains true today. CR 102.

**B.** **Acknowledging That a School Was No Longer Being Operated on the Property, the Blanco County School Board Trustees Execute a Deed Purporting to Convey the Property to the Pleasant Hill Improvement Association.**

In August 1952, the Blanco County Board of School Trustees attempted to convey the property to the Pleasant Hill Improvement Association for use "as a Community Center for the benefit of Pleasant Hill Community in Blanco County, Texas." CR 381.[2] The deed recites that the property was "formerly

---

[2] The grantees in the 1927 Deed comprise the "County Board of Trustees for Blanco County, Texas." CR 96. The grantors in the 1952 Deed are identified collectively as the "Blanco

2

used for school purposes but now [is] no longer so used." CR 381. The deed also acknowledges the reversionary interest created in the 1927 Deed. CR 382. In particular, the conveyance "is made subject to the reversionary interest of Albert Lindig, his heirs or assigns, as set forth in his deed to the Blanco County School Trustees dated September 10, 1927." CR 382.

### C. The Lindigs Continued To Assert Their Ownership Rights in the Property After 1952.

After a school ceased to operate on the property, the Lindigs continued to assert their ownership rights in the property. Lindig family members have maintained the property and made improvements on it, including putting up fences, putting up a gate, and clearing the property on a regular basis. CR 94. The Lindigs have also been paying the property taxes. CR 94, 98-99, 260-305.

Real property and probate records also demonstrate that the Lindig family continued to assert its ownership interest in the property. Following Albert Lindig's death, the property passed to Trent's grandfather (Felix Lindig) and then to his grandmother (Addie Lindig). CR 117, 396, 401; *see also* CR 106. In a series of transfers, Trent's grandmother eventually conveyed the entirety of her interest in the property to Trent's parents, Al Louis Lindig and Brenda Lindig. CR 116, 117, 387-92. Then, on December 4, 2006, Al Louis

---

County Board of School Trustees." CR 381. Presumably, these references are synonymous given that Texas law has provided, in some instances, that "the management and control of the public schools within a county" may be "vested in a 'board of county school trustees.'" 36 David B. Brooks, *Texas Practice Series: County and Special District Law* § 30.10 (2d ed.).

Lindig and Brenda Lindig conveyed their interest in the property to Trent. CR 393; *see also* CR 204.

### D. The Lindigs Assert That Any Use By the Club or Other Groups Was Done with the Lindigs' Permission.

The Lindigs maintain that they permitted the Pleasant Hill community to use the property. CR 115, 118; *see also* CR 94. The Pleasant Hill Rocky Community Club,[3] along with other groups, had been given permission to use the property for various functions. CR 103, 104, 106. In June 2013, the Lindigs withdrew any previously-granted permission to the Club. CR 103, 115. Club members, however, refused to vacate the property. *See* 438.

## II. Trent Files Suit to Confirm His Ownership in the Property, Leading the Club to Assert a Competing Ownership Claim to the Property.

Trent filed suit in September 2013, seeking to confirm his ownership rights in the property. CR 5. The Club responded, asserting that it was the rightful owner of the property. CR 30. In that regard, the Club asserted a counterclaim seeking a ruling that the 1952 Deed vested it with title and challenging Trent's assertion that the reverter clause in the 1927 Deed had been triggered. CR 31-35. Alternatively, the Club claimed ownership through adverse possession. CR 31-35.

---

[3] There is a dispute between the parties as to whether the Pleasant Hill Rocky Community Club is a successor in interest of the Pleasant Hill Improvement Association and able to claim an ownership interest by virtue of the 1952 Deed. *See* CR 351; *see also* CR 118.

The parties submitted traditional and no-evidence motions for summary judgment. CR 3, 80, 83, 367, 370, 373. Those motions were denied. CR 361, 363; 3 RR 34. The week before trial, Trent sought a ruling from the trial court—through Texas Rule of Civil Procedure 248—with respect to his construction of the 1927 Deed and its reverter clause. CR 460.

The trial court held a hearing on Trent's Rule 248 Motion. The parties were permitted to re-urge their respective motions for summary judgment "on the legal issue of reverter and the interpretation of the 1927 deed." 4 RR 5. In connection with Trent's motion, the trial court further clarified that—consistent with the parties' agreement—the ruling on the reverter issue would be subject to an immediate appeal pursuant to Texas Civil Practice and Remedies Code section 51.014(d). 4 RR 7.

At the conclusion of the hearing, the trial court made two findings: (1) the 1927 Deed is unambiguous; and (2) the Club "has current title to the subject property" because "the circumstances that give rise to that reverter have not occurred." 4 RR 14. Those oral rulings were reduced to a written order. CR 475; Appx. A. Further, pursuant to the parties' agreement, the trial court signed an order permitting Trent to seek an immediate appeal of the order. CR 479; Appx. B.

## SUMMARY OF THE ARGUMENT

The possibility of reverter created in the 1927 Deed unequivocally vests Trent with title to the disputed property. Reading the entire deed and giving effect to all relevant clauses, the only reasonable construction is that the Lindigs' reversionary interest became a present possessory interest once a school was no longer operating on the property. Obviously, without a school, the property could not be used for school purposes. It is undisputed that the property has not been used for school purposes since August of 1952. Thus, Trent is the rightful owner of the property.

The Court should reject the Club's flawed argument. The Club posits that the reversionary interest created in the 1927 Deed does not become a present possessory interest so long as the building that once housed the now-abandoned school is still on the property. Not only does this argument violate well-established rules for deed construction, which require the Court to harmonize all parts of a deed, but this same argument has been expressly rejected in a prior appeal involving substantially similar deed provisions. While the building may still be on the property, it cannot be a schoolhouse if there is no school. Accordingly, the trial court's order must be reversed.

# ARGUMENT

## I.   The Trial Court's Construction of the 1927 Deed and the Reverter Clause Is Reviewed De Novo on Appeal.

Texas Rule of Civil Procedure 248 permits a trial court to resolve questions of law in a pretrial hearing. *Mickens v. Longhorn DFW Moving, Inc.*, 264 S.W.3d 875, 880 (Tex. App.—Dallas 2008, pet. denied). The construction of the 1927 Deed was appropriately raised through Trent's Rule 248 Motion because "[t]he construction of an unambiguous deed is a question of law for the court." *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). The construction of a reverter clause also presents a question of law. *City of Houston v. Van De Mark*, 83 S.W.3d 864, 867 (Tex. App.—Texarkana 2002, pet. denied).[4] Thus, the trial court's construction of the 1927 Deed and its reverter clause is reviewed de novo on appeal. *Cooke v. Morrison*, 404 S.W.3d 100, 111 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

In construing a deed, the Court's primary duty "is to ascertain the intent of the parties from all of the language in the deed by a fundamental rule of construction known as the 'four corners' rule." *Luckel*, 819 S.W.2d at 461. The Court does this by examining and considering "the entire writing in an effort to harmonize and give effect to all the provisions of the agreement, even if different parts of the deed appear inconsistent or contradictory." *Hausser v. Cuellar*, 345 S.W.3d 462, 466 (Tex. App.—San Antonio 2011, pet. denied) (en

---

[4] The trial court found the 1927 Deed to be unambiguous. CR 475. Trent agrees that the deed is unambiguous.

banc). It is presumed that every clause is "to have some effect; therefore, the language of the deed should be interpreted so that no provision is rendered meaningless." *Id.*

## II. Applying Well-Established Legal Principles, the Court Should Conclude That Trent Owns the Property Because the Reverter Clause Was Triggered.

### A. The 1927 Deed Created a Possibility of Reverter and Vested Albert Lindig's Heirs with a Future Possessory Interest in the Property.

A person conveying property can retain an interest in the property through a reversionary interest. *El Dorado Land Co. v. City of McKinney*, 395 S.W.3d 798, 802 (Tex. 2013). There are a number of reversionary interests that are recognized in Texas. *Id.* They include reversions, possibilities of reverter, and rights of entry. *Id.* Collectively, reversionary interests represent "future interests that remain with the grantor . . . and may be viewed 'as claims to property that the grantor never gave away.'" *Id.* at 802-03 (citation omitted).

A possibility of reverter describes "a future interest retained by a grantor that conveys a determinable fee." *Id.* at 801 n.6. Stated differently, "it is the grantor's right to fee ownership in the real property reverting to him if the condition terminating the determinable fee occurs." *Luckel*, 819 S.W.2d at 464. It is a property interest that has value. *Leeco Gas & Oil Co. v. Cnty. of Nueces*, 736 S.W.2d 629, 631 (Tex. 1987). It can be assigned or sold. *Monroe v. Scott*, 707 S.W.2d 132, 134 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.).

8

The interest cannot be destroyed through a subsequent conveyance of the property. *See id.* Finally, title vests in the grantor (or his heirs) immediately once the limitation imposed by the deed is breached. *Cypress-Fairbanks Indep. Sch. Dist. v. Glenn W. Loggins, Inc.*, 115 S.W.3d 67, 71 (Tex. App.—San Antonio 2003, pet. denied); *see also El Dorado Land Co.*, 395 S.W.3d at 803.

No particular words are required to create a possibility of reverter. *Bagby v. Bredthauer*, 627 S.W.2d 190, 196 n.4 (Tex. App.—Austin 1981, no writ). Rather, the Court's analysis focuses upon the grantor's intent as expressed in the deed. *Id.* A possibility of reverter is created by a deed that (1) prescribes a limitation on the grantee's rights with respect to the property, and (2) contains a reverter clause that does not require the grantor to re-enter the property to claim the reversionary interest. *See id.*

The 1927 Deed can only be characterized as having created a possibility of reverter in Albert Lindig and his heirs should the property cease to be used for school purposes. As consideration for the transaction between Albert Lindig and the Blanco County Board of Trustees, the deed recites "that the land herein conveyed shall be used for school purposes only." CR 96. Further, the granting clause in the deed provides that the property "shall be used for School purposes for the Pleasant Hill School District No. 21." CR 96. The habendum clause[5] reflects that the property is being conveyed "for School

---

[5] The habendum clause is the "part of a deed that defines the extent of the interest being granted and any conditions affecting the grant." BLACK'S LAW DICTIONARY 716 (7th ed. 1999).

9

Purposes." CR 97. Finally, the deed's reverter clause acknowledges that "in case the said School House or any other house which may be built and used for a School house is removed from said land herein described then the said above described land shall revert back to me, my heirs, assigns or legal representatives." CR 96. If a school was not being operated on the property then it is obviously not being used for "school purposes."

Similar language has previously been found to create a possibility of reverter. In *Stewart v. Blain*, the deed recited that the grantor was conveying a tract of land "'for the purpose of erecting a schoolhouse.'" 159 S.W. 928, 929 (Tex. Civ. App.—Galveston 1913, no writ). The deed went on to explain that "'in the event of the removal of the schoolhouse therefrom by said county judge and his successors in office the said acre of land shall revert back to me or my heirs or assigns, and this deed shall become void and inoperative.'" *Id.* Analyzing the deed, the court held the following:

> It seems to us that these provisions mean, and were intended to mean, that the grantees should own and use and enjoy the property so long as it was so used for the purpose for which it was conveyed, and that when this condition ceased the title and right of possession should at once revert to the grantor, "or his heirs or assigns."

*Id.* at 931. The Court should reach the same result in this case.

### B. The Limitation in the 1927 Deed Was Breached When a School No Longer Operated on the Property.

It is undisputed that a school was not operating on the property by the time that the 1952 Deed was signed. The witnesses offering affidavit and

10

deposition testimony all confirm that the school closed in the early 1950s. *See* CR 102, 110, 116, 132, 253, 458. Indeed by the time that the property is (purportedly) conveyed to the Pleasant Hill Improvement Association, a school was not being operated on the property. The 1952 Deed confirms this fact. *See* CR 381. The granting clause in the deed recites that the property was "formerly used for school purposes but now no longer [is] so used." CR 381. This recitation is conclusive.

"The doctrine of estoppel by deed precludes parties to a deed from denying the truth of any material fact asserted in the deed." *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 432 S.W.3d 381, 388 (Tex. App.—San Antonio 2014, pet. denied); *XTO Energy Inc. v. Nikolai*, 357 S.W.3d 47, 56 (Tex. App.—Fort Worth 2011, pet. denied). "Estoppel by deed binds, not only the parties to the deed, but also their successors-in-interest." *Teal Trading & Dev., LP*, 432 S.W.3d at 388. The doctrine "may arise from the recitals, reservations, and exceptions within a deed." *Id.*

Given that it is undisputed that a school no longer operated on the property by 1952, the reverter clause has been triggered. Based upon the record, title vested in Albert Lindig and his heirs once the property was no longer being used for school purposes. Thus, the trial court's order must be reversed.

## C. The Club's Construction of the 1927 Deed Is Flawed and Unsupported By Any Authority.

The Club's construction of the 1927 Deed must be rejected because it is based upon an isolated reading of the 1927 Deed. According to the Club, the possibility of reverter is dependent upon a single fact: whether the actual building that once housed the school is still on the property. *See* CR 471-72. This position, of course, violates well-established principles for deed construction. Namely, the Court must "harmonize all parts of the deed." *Luckel*, 819 S.W.2d at 462. In that connection, Albert Lindig's intent could not be more clear. The land was to "be used for school purposes only." CR 96. This limitation is also found in the 1927 Deed's granting and habendum clauses. CR 96-97. Thus, giving effect to the entire deed, the possibility of reverter sprang to life once the property was no longer being used for school purposes. *See Eyssen v. Zeppa*, 100 S.W.2d 417, 419 (Tex. Civ. App.—Texarkana 1936, writ ref'd) (holding that "the words 'so long as said tract or parcel of land is used for school purposes' . . . created a conditional limitation and that the title thereto ipso facto reverted to the grantor").

The argument advanced by the Club has already been rejected. As was discussed in section II.A, *supra*, the deed in *Stewart v. Blain* provided that the property was being conveyed "'for the purpose of erecting a schoolhouse.'" 159 S.W. at 929. Similar to the 1927 Deed, the reverter clause in *Stewart* provided that "'in [the] event of the removal of the schoolhouse therefrom . . . said acre of land shall revert back to me or my heirs or assigns.'" *Id.* The grantor's heirs

sought to confirm their ownership interest given that a school was no longer operating on the property. *Id.* 930-31. While the property was no longer being used for school purposes, the building that once housed the school was still on the property. *Id.* at 930.

The court concluded that the possibility of reverter was triggered once the property was no longer used for school purposes, *i.e.*, when there was no longer a school operating on the property. *Id.* at 931. The reverter was not dependent upon whether the building was still on the property. *Id.* According to the court, the "sale and the abandonment of the land for school purposes was to all intents and purposes 'a removal of the schoolhouse therefrom.' The building may be there yet, but it is not a schoolhouse." *Id.* The Court should reach the same result in this case. Accordingly, the trial court's order should be reversed.

## III.  Conclusion and Prayer.

Trent is the rightful owner of the disputed property. The limitation found in the 1927 Deed has been breached. Under the deed's unambiguous terms, the reversionary interest became a present possessory interest once a school ceased to operate on the property. Because there was no school, the building could not be a schoolhouse. Therefore, the trial court's order must be reversed.

WHEREFORE, PREMISES CONSIDERED, Appellant Trent Lindig respectfully prays that the Court reverse the trial court's order on Appellant's

Rule 248 Motion, declare that Appellant holds title to the disputed property, and grant other and further relief to which he may be justly and equitably entitled.

Respectfully submitted,

/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III
State Bar No. 24041135
HOUSTON DUNN, PLLC
4040 Broadway, Suite 440
San Antonio, Texas 78209
Telephone: (210) 775-0882
Fax: (210) 826-0075
sam@hdappeals.com

Zachary P. Hudler
State Bar No. 24032318
ZACHARY P. HUDLER, P.C.
100 E. Pecan Street, Suite One
Johnson City, Texas 78636
(830) 868-7651 – Telephone
(830) 868-7636 – Fax
zachary@hudlerlaw.com

ATTORNEYS FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4, the undersigned certifies that the foregoing computer-generated brief contains 3,399 words.

/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III

14

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served in accordance with the Texas Rules of Appellate Procedure on the 15th day of April, 2015, to the following:

Jeff D. Small                                          *Via email/e-service*
LAW OFFICE OF JEFF SMALL
12451 Starcrest Dr. #100
San Antonio, Texas 78216
jdslaw1951@gmail.com


Norman L. Nevins                                    *Via email/e-service*
THE NEVINS LAW FIRM
206 West Main Street
Fredericksburg, Texas 78624
nnevinslaw@yahoo.com


/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III

## APPENDIX

A. Rule 248 Hearing Order

B. Order pursuant to Texas Civil Practice and Remedies Code § 51.014(d)

A

## NO. CV07580

| | | |
|---|---|---|
| TRENT LINDIG | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 33rd JUDICIAL DISTRICT |
| | § | |
| PLEASANT HILL ROCKY | § | |
| COMMUNITY CLUB | § | BLANCO COUNTY, TEXAS |

### RULE 248 HEARING ORDER

On December 11, 2014, the trial court heard Plaintiff Trent Lindig's MOTION FOR RULE 248 HEARING. The parties appeared in person and by their attorneys. By agreement, the parties re-urged their respective motions for summary judgment asking the Court to determine unresolved questions of law. The Court considered the evidence and arguments of counsel, and finds and concludes that the 1927 Deed dated and recorded September 10, 1927, from Albert Lindig to the County Board of Trustees for Blanco County, Texas (attached hereto as Exhibit "A") is not ambiguous. The Court finds further that the circumstances have not occurred to trigger the reverter clause contained in the foregoing deed.

It is, therefore, ORDERED and DECLARED that the above-referenced 1927 Deed is unambiguous and no reversion has occurred under the terms of that deed.

Signed ~~December~~ January 6, 2015

_____
Judge Presiding

Approved by:

_____
Norman L. Nevins
Jeff Small
Attorneys for Pleasant Hill
Rocky Community Club
Defendant/Counter-Plaintiff

_____
Zachary Hudler
Attorney for Trent Lindig,
Plaintiff/Counter-Defendant

12/30/14
As to Form only

DEBBY ELSBURY
CLERK DISTRICT COURT BLANCO COUNTY, TEXAS
FILED

JAN - 9 2015

AT 8:29 O'CLOCK A M
BY_____
CLERK

475

THE STATE OF TEXAS, )
County of Blanco. )    KNOW ALL MEN BY THESE PRESENTS:

That I, Christian Lindig hereby acknowledged payment in full of the One note for the sum of One Thousand Seven Hundred Fifty ($1750.00) Dollars and interest described in Deed executed by M. C. Lindig and wife and Christian Lindig to J. D. Kinney on the 13th. day of September, 1915, and recorded in Book 30 page 133 Records of Blanco County, Texas, and being the legal holder and owner of the same, I do hereby release and acquit to J. D. Kinney his heirs and assigns; the property described in said instrument, viz:

All that certain lot or parcel of land situated in Blanco County, Texas, and being all of Block No. 17 and all of Lots No. 1. No. 2, No. 5. and No. 6 in Block No. 4 of the town of Johnson City, Texas, as shown by the plot of said town; free from all lien created by reason of said note or the instrument above mentioned.

Witness my hand at Johnson City, this 8th. day of September, 1927.

                                        Christian Lindig

THE STATE OF TEXAS, )
COUNTY OF BLANCO. )    BEFORE ME, Tom Durham, County Clerk Blanco County, Texas on this this day personally appeared Christian Lindig known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office, at Johnson City, Texas, this 8th. day of September, A.D. 1927.

            (SEAL)                      Tom Durham
                                        County Clerk Blanco County, Texas.

                                        By Alma Werner  Deputy.

FILED FOR RECORD SEPTEMBER 8th. A.D. 1927, at 5:00 P.M.
TOM DURHAM COUNTY CLERK BLANCO COUNTY TEXAS.
RECORDED SEPTEMBER 10th. A.D. 1927, at 11:00 A.M.

The State of Texas. )
County of Blanco. )    Know all men by these presents: That I, Albert Lindig, of the County of Blanco, and State of Texas, for and in consideration of One Dollars and other valuable consideration paid by J.C.Goar, T.E.Patton, Scott Klott, J.J.Fuchs and Gus Artzt, constituting the County Board of Trustees for Blanco County, Texas, the receipt of which is hereby acknowledged, and the further consideration that the land herein conveyed, shall be used for school purposes only.

Have granted, sold, given and conveyed, and by these presents to grant, sell, give and convey unto the said J.C.Goar, T.E.Patton, Scott Klott, J.J.Fuchs and Gus Artzt, the Blanco County Board to Trustees, and their successors in office, the following described tract or parcel of land lying and being situated in Blanco County, Texas, out of and part of Survey No. 94, in the name of Seaborn Hopper, beginning at the N.W.Corner of Survey No. 95, H.M.Day on the S.line of survey No. 94; Thence N. 94.8 vrs to Post Oak 12 ins dia. blazed on 4 sides for N.W.Corner; Thence E. 119 vrs to stone md. & cedar post for N.E.Corner; Thence S. 94.8 vrs to st.md on S. line of original Survey; Thence W. 119 vrs to the place of beginning; said above described tract or parcel of land shall be used for School purposes for the Pleasant Hill School District No. 21. But it is understood that in case the said School House or any other house which may be built and used for a School house is removed from said land herein described then the said above described land shall revert back to me, my heirs, assigns or legal representatives.

To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said J.C.Goar, T.E.Patton, Scott

The page to which this certificate is affixed is a full, true and correct copy of the original on file and of record in my office.

ATTEST: September 24, 2013
KAREN NEWMAN, County Clerk
Blanco County, Texas.
By _____ Deputy

CERTIFIED COPY
PAGE 1 OF 2
477

EXHIBIT
A

468

Klatt, J.J.Fuchs, and Gus Artzt, as the County Board of School Trustees, of Blanco County, Texas, and their successors in office. And I hereby warrant and defend the title to the above described premises unto the above named County Board of School Trustees, and their successors in office, for School Purposes.

Witness my hand this the 10th. day of September, A.D. 1927.

Albert Lindig

The State of Texas, )
County of Blanco. ) Before me, the undersigned authority in and for Blanco County, Texas, on this day personally appeared Albert Lindig, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this the 10th. day of September, A.D. 1927.

V. B. Coar,
(SEAL) Notary Public, Blanco County, Texas.

FILED FOR RECORD SEPTEMBER 10th. A.D. 1927, at 2:00 P.M.
TOM DURHAM COUNTY CLERK BLANCO COUNTY TEXAS.
RECORDED SEPTEMBER 10th. A.D. 1927, at 2:20 P.M.

Mrs. Meta Schmidt et vir Loan
Fredericksburg N. F. L. A.

SECOND LIEN AGREEMENT

THE STATE OF TEXAS, )
                         KNOW ALL MEN BY THESE PRESENTS: That
County of Blanco. )

WHEREAS, Theodore Koennecke, the legal owner and holder of certain indebtedness, evidenced by one note for $500.00, due two years after date, six notes for $750.00 each, due 2, 4, 5, 6, 7 and 8 years after date and one note for $371.00, due 9 years after date, and secured by lien on certain land more fully described in Deed dated December 15, 1923, executed by Albert J. Kraus to Ernst Schmidt and wife and now shown of record in Vol. 39 Page 611 Deed Records of Blanco County, Texas, to which instrument and the record thereof, reference is here made for a more complete description of said land and the indebtedness above mentioned, said land now being owned by Mrs. Meta Schmidt and husband, Ernst Schmidt, who have made application to THE FEDERAL LAND BANK OF HOUSTON, for a loan in the sum of $4700.00 to be evidenced by Amortization Note payable to said Bank in semi-annual payments extending over a period of years, to be secured by Deed of Trust on said land to F.H.Gossett, Trustee for said Bank, and

WHEREAS, said Bank has declined to make said loan unless its lien shall be a first and superior lien to any and all liens against said land;

NOW, THEREFORE, for and in consideration of the premises and ONE DOLLAR in hand paid by said Bank, receipt of which is hereby acknowledged, it is hereby specifically agreed that any and all liens now held and owned by the undersigned against said land, shall be, and the same is hereby declared to be, second and inferior to the lien in favor of said Bank; that the note in favor of said Bank and the Deed of Trust securing same, and all renewals thereof, shall be and is a first and superior lien on said land, and shall so remain as long as said Amortization Note, or any part thereof, remains unpaid, and that said Bank may make said loan upon such terms and for such length of time as it may determine.

This the 23rd day of August, 1927.

Theodore Koennecke

THE STATE OF TEXAS, )
County of Gillespie )

Before me, the undersigned authority, on this day personally appeared Theodore Koennecke

This page to which this certificate is affixed is a full, true and correct copy of the original on file and of record in my office.

ATTEST September 24 2013
KAREN NEWMAN, County Clerk
Blanco County, Texas
By_____ Deputy

CERTIFIED COPY
PAGE 2 OF 2
478


## NO. CV07580

| | | |
|---|---|---|
| TRENT LINDIG | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 33rd JUDICIAL DISTRICT |
| | § | |
| PLEASANT HILL ROCKY | § | |
| COMMUNITY CLUB | § | BLANCO COUNTY, TEXAS |

### Order pursuant to Texas Civil Practice and Remedies Code §51.014 (d)

On December 11, 2014, the trial court heard Plaintiff Trent Lindig's MOTION FOR RULE 248 HEARING and ruled that the 1927 Deed at issue in this cause was not ambiguous and that the reverter clause in that deed had not been triggered. The Court on its own initiative and with the agreement of the parties hereby grants permission for the immediate appeal of its order declaring the 1927 Deed to be unambiguous and that the circumstances triggering the reverter in that deed have not occurred because the Court finds that order involves a controlling question of law as to which there is a substantial ground for difference of opinion. Further, the Court finds that an immediate appeal from the order will materially advance the ultimate termination of the litigation.

It is ORDERED, therefore, that Plaintiff Trent Lindig is granted permission to appeal this Court's RULE 248 HEARING ORDER referenced above.

It is, further, ORDERED that during the appeal of the aforementioned Order that the status quo as of December 11, 2014, shall remain in force and effect until further order of this Court.

Signed ~~December~~ January 6, 2015

_____
Judge Presiding

Approved by:

Norman L. Nevins w/ permission
Jeff Small
Attorneys for Pleasant Hill
Rocky Community Club
Defendant/Counter-Plaintiff

Zachary Hudler                    12/30/14
Attorney for Trent Lindig,
Plaintiff/Counter-Defendant

As to Form only

DEBBY ELSBURY
CLERK DISTRICT COURT BLANCO COUNTY, TEXAS

**FILED**

JAN - 9 2015

AT 8:31 O'CLOCK A M
BY _____
CLERK